David K. Bowles (State Bar No. 210986)
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (212) 390-8842
Facsimile: (866) 844-8305
E-mail: david@bojo.law

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOWLES & JOHNSON, PLLC, | Case No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| SCOTT H. BERNSTEIN, ESQ., LAW OFFICES OF SCOTT H. BERNSTEIN LLC, MICHAEL P. PASQUALE, ESQ., THE LAW OFFICES OF MICHAEL P. PASQUALE LLC, SKOLNICK LEGAL GROUP, P.C., and RODNEY A. OMANOFF, | |
| Defendants. | |

Plaintiff Bowles & Johnson, PLLC ("BoJo" or "Plaintiff"), brings suit against defendants Scott H. Bernstein, Esq. ("Bernstein"), Law Offices of Scott H. Bernstein LLC ("Bernstein LLC"), Michael P. Pasquale, Esq. ("Pasquale"), The Law Offices of Michael P. Pasquale, LLC ("Pasquale LLC"), Skolnick Legal Group, P.C. ("Skolnick," and together with Bernstein, Bernstein LLC, Pasquale and Pasquale LLC, the "Attorney Defendants"), and Rodney A. Omanoff ("Omanoff," and together with the Attorney Defendants, "Defendants"), and alleges, upon information and belief, except for the allegations that are made on personal knowledge, as follows:

1.      This complaint seeks relief for Plaintiff against the Attorney Defendants for violations of 28 U.S.C. §1927 and against all Defendants for abuse of process, predicated on

Defendants bringing of the lawsuit of <u>Omanoff v. Reifler et al.</u>, Adversary Proceeding No. 22-09002 (the "Adversary Proceeding"), in the United Stated Bankruptcy Court Southern District of New York (the "Bankruptcy Court"), against Plaintiff and its principals, David K. Bowles, Esq. ("Bowles") and Margarett A. Johnson, Esq. ("Johnson"), together with their clients Talking Capital Windup LLC f/n/a Talking Capital, LLC ("TC"), Talking Capital Partners II, LLC ("TCPII"), Talking Capital Partners III, LLC ("TCPIII"), and Forefront Partners, LLC ("Forefront") and Forefront's then managers, Bradley C. Reifler ("Reifler") and William T. McKettrick ("McKettrick").

2.      This complaint further seeks relief for Plaintiff against the Attorney Defendants for violation of New York Judiciary Law §487 during the course of the Adversary Proceeding, due to repeated provably wrong factual misstatements made by the Attorney Defendants, by which they affirmatively misled the Bankruptcy Court.

## JURISDICTION AND VENUE

3.      This is an action under 28 U.S.C. §1927.  This Court therefore has federal subject matter jurisdiction under 28 U.S.C. §1331.

4.      The Court has supplemental jurisdiction over the state claims herein for abuse of process and violation of New York Judiciary Law §487 pursuant to 28 U.S.C. §1367.

5.      Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

6.      Plaintiff is a professional limited liability company organized under the laws of the state of New York; its principal place of business is 14 Wall Street, 20th Floor, New York, New York 10005.

7.    Upon information and belief, defendant Omanoff is an individual residing in the state of New York.

8.    Upon information and belief, defendant Bernstein is an individual residing in the state of New Jersey, and licensed to practice law in the states of New Jersey and New York.

9.    Upon information and belief, defendant Bernstein LLC is a limited liability company organized under the laws of the state of New Jersey; it maintains offices at 101 Eisenhower Parkway, Suite #300, Roseland, New Jersey 07068 and 307 7th Avenue, Suite #1001, New York, New York 10001.

10.    Upon information and belief, defendant Bernstein LLC is wholly owned by defendant Bernstein.

11.    Upon information and belief, defendant Bernstein LLC maintains an office, and is engaging in business, in the state of New York without first obtaining authorization to so do, in clear violation of the New York Limited Liability Company Law §802.

12.    Upon information and belief, defendant Pasquale is an individual residing in the state of New Jersey, and licensed to practice law in the states of New Jersey and New York.

13.    Upon information and belief, defendant Pasquale LLC is a limited liability company organized under the laws of the state of New Jersey; it maintains offices at 163 Madison Avenue, Suite 220-80, Morristown, New Jersey 07960 and 48 Wall Street, Eleventh Floor, New York, New York 10005.

14.    Upon information and belief, defendant Pasquale LLC is wholly owned by defendant Pasquale.

15.     Upon information and belief, defendant Pasquale LLC maintains an office, and is engaging in business, in the state of New York without first obtaining authorization to so do, in clear violation of New York Limited Liability Company Law §802.

16.     Upon information and belief, defendant Skolnick is a professional corporation incorporated under the laws of the state of New Jersey; its principal office is located at 103 Eisenhower Parkway, Suite 305, Roseland, NJ 07068 and it maintains an office at 18 East 41st Street, 6th Floor, New York, New York 10017.

17.     Upon information and belief, defendant Skolnick employed defendant Bernstein during all times relevant to the preparation, commencement and prosecution of the Adversary Proceeding until the employment relationship was terminated sometime after May 24, 2022 and before June 1, 2022.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Formation and Destruction of TC

18.     The underlying dispute relates to the formation and ultimate destruction of TC.

19.     In or around September 8, 2014, Forefront, defendant Omanoff's company, nonparty Omanoff America Telecom, LLC ("OAT"), and nonparty Mudmonth, LLC ("Mudmonth") entered into the Operating Agreement of Talking Capital, LLC ("TC Operating Agreement"), whereby Forefront, OAT and Mudmonth each became a member of TC, holding a one-third interest in that company, and Reifler, defendant Omanoff, and nonparty Mark Proto ("Proto") each became a manager of TC.

20.     TC and its wholly owned subsidiaries, TCPII and TCPIII (collectively, the "TC Companies") were operated to provide trade finance and factoring services to small and medium-sized wholesale telecommunications carriers.

4

21.    The TC Companies would borrow money, predominantly from a group of companies called Direct Lending Investments LLC, Direct Lending Income Fund, L.P. and DLI TC LLC (collectively, "Direct Lending"), and relend it to the wholesale telecommunications carriers.

22.    TCPII and Direct Lending entered into a certain Master Receivable Purchase and Servicing Agreement dated as of December 1, 2014, pertaining to Direct Lending's loaning of funds to the TC Companies ("Loan Agreement").

23.    The Loan Agreement contained certain restrictive covenants that bound Direct Lending.

24.    The TC Companies were initially successful and profitable.

25.    In or around September 2015, Omanoff and Proto chose to create competing LLCs, in secret from the TC Companies, Reifler and Forefront.  The competing companies were VoIP Guardian, LLC and VoIP Guardian Partners, LLC (the "VoIP Companies").

26.    Over the next year, while remaining managers of TC, Omanoff and Proto caused the VoIP Companies to compete with TC, and solicited and received loans from Direct Lending in violation of the restrictive covenants set forth in the Loan Agreement.

27.    Omanoff and Proto transferred all of the business of the TC Companies to the VoIP Companies, while still remaining managers of TC.

28.    Omanoff and Proto caused Direct Lending to abandon the TC Companies and work with the VoIP Companies, in breach of the restrictive covenants set forth in the Loan Agreement.

29.    Omanoff and Proto remained managers of TC for over a year while also secretly operating the competing VoIP Companies.

30.     On or around October 10, 2016, Omanoff resigned as a manager of TC, and caused OAT to resign as a member of TC.

### TC's State Case Against the Disloyal Fiduciaries

31.     In or around late 2016 or early 2017, Reifler, the sole loyal remaining manager of TC, learned of the competitive activities of the VoIP Companies and that Omanoff and Proto were managers, and OAT and Mudmonth were members, of those companies.

32.     On February 24, 2017, Reifler, as manager of Forefront, caused a derivative lawsuit to be filed on behalf of the TC Companies in the Supreme Court of the State of New York, County of New York against Omanoff and others including Direct Lending.  The case was Talking Capital LLC et al. v. Omanoff et al., Index No. 650973/2017 (now captioned as Talking Capital Windup LLC et al. v. Omanoff et al.) (the "State Case").

33.     Plaintiff is counsel to the plaintiffs in the State Case.  Bowles is the lead attorney, with substantial assistance from Johnson.

34.     On or around July 21, 2021, defendant Pasquale LLC was substituted as the attorney of record for defendant Omanoff in the State Case; defendant Pasquale was the lead attorney at that time and remains the lead attorney at the present time.

35.     On or around December 9, 2021 the parties in the State Case commenced their respective motions for summary judgment.

36.     The parties in the State Case completed their summary judgment briefing on February 24, 2022, with the filing of their respective reply papers.

### The Abusive Adversary Proceeding in Bankruptcy Court

37.     In a desperate and ultimately failed attempt to stop the State Case from going forward, Omanoff and his counsel sued the TC Companies and their attorneys in an adversary

proceeding in the Bankruptcy Court. Certain of the key allegations on which the Attorney Defendants founded the Adversary Proceeding were demonstrably false, and the Attorney Defendants continued to mislead the Bankruptcy Court on these issues in the full knowledge that they were false.

38.     The day after summary judgment briefing in the State Case was complete, on February 25, 2022, defendant Omanoff and his counsel, defendant Skolnick and its then employee, defendant Bernstein, caused the commencement of the Adversary Proceeding by filing Omanoff's complaint ("Adversary Complaint"), together with an emergency motion by order to show cause seeking a temporary restraining order enjoining the State Case ("TRO").

39.     Defendants alleged that the Bankruptcy Court had jurisdiction because Reifler had filed for personal bankruptcy on January 20, 2017.

40.     The Adversary Proceeding was obviously frivolous and a procedural maneuver, because, *inter alia*, the plaintiffs in the State Case were the TC Companies, which were not bankrupt, and were not part of Reifler's bankruptcy estate.

41.     Defendants caused process in the form of a summons and the Adversary Complaint to be served upon Plaintiff's clients.

42.     The Adversary Complaint named Reifler, the TC Companies, and Forefront as defendants.

43.     The Adversary Complaint contained a statement that Reifler only "finally unequivocally" admitted to the ownership of Forefront on December 8, 2021.

44.      Defendant Bernstein also makes the same statement in his February 25, 2022 declaration in support of the TRO.

45.     Defendants' reply memorandum of law in support of the TRO, dated March 11, 2022, states that "[i]t was only on December 8, 2021, when the Debtor [Reifler] filed an Affidavit in the New York Action, he finally and unequivocally admitted that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

46.     As shown below, these statements were demonstrably false.  Reifler had "finally and unequivocally" testified that he was the owner of Forefront years before.

47.     On information and belief, these statements were made to mislead the Bankruptcy Court, because otherwise the Adversary Proceeding would have been brought as much as five years too late, and subject to a laches defense.

48.     The Bankruptcy court issued the TRO on March 1, 2022, enjoining the State Case pending a hearing on March 15, 2022.

49.     Defendant Pasquale applied to appear *pro hac* in the Adversary Proceeding on March 8, 2022.  That motion was subsequently granted.

50.     On March 8, 2022 Plaintiff filed an opposition to Omanoff's motion for a preliminary injunction on behalf of Forefront and the TC Companies.  Plaintiff argued, *inter alia*, that Omanoff's five-year delay in filing the Adversary Proceeding constituted laches.

51.     At a hearing before the Bankruptcy Court held on March 15, 2022, in an attempt to avoid the laches defense, defendant Bernstein and defendant Skolnick, through its employee defendant Bernstein, falsely represented to the Bankruptcy Court several times that it was only in December 2021 that Reifler finally admitted that he was the sole member and manager of Forefront.

52.     This statement was false, because:

a. Omanoff knew that Reifler owned Forefront in 2014, when Omanoff did his due diligence on Forefront and Reifler prior to forming the TC Companies. The ownership of Forefront by Reifler was clearly indicated in a 2011 operating agreement that existed in Omanoff's files.

b. Reifler testified in a 2018 deposition attended in person by Omanoff that Reifler owned Forefront.

c. Reifler stated in an affidavit filed in the State Case on February 6, 2019 that "I am the sole member and manager of Forefront Partners, LLC …."

d. Reifler stated in a verification of a pleading dated February 13, 2019, that he was "the member and manager of Forefront Partners LLC."

e. Defendant Omanoff, in a verified pleading in the State Case dated September 27, 2019, stated that "Forefront Partners is and always has been owned and operated by Bradley Carl Reifler."

f. Reifler testified under oath at various other times in the State Case that he was the sole owner and member of Forefront.

53.     Defendants were therefore on notice that the statement that Omanoff only learned of Reifler's ownership of Forefront in December of 2021 was false.

54.     On or around March 21, 2022, Plaintiff, through its principal, Bowles, sent a demand letter to defendant Bernstein notifying him that the statement that Omanoff only knew of Reifler's ownership of Forefront since December 9, 2021 was a misrepresentation controverted by documentary evidence.

55.     Defendants did not respond to Plaintiff's demand letter.

56.      The false statement that Reifler had only admitted to the ownership of Forefront in December of 2019 is only one of the false or misleading statements that the Attorney Defendants made to the Bankruptcy Court.  For example:

a.   The June 22, 2022 opposition brief filed by Defendants stated that the TC Companies' first two law firms "resigned after learning about the Debtor's lies, frauds, spoliation of evidence, and use of his Forefront to perpetrate a fraud on investors."  This was false.  The earlier counsel resigned after the bills went unpaid.

b.   Defendants repeatedly misrepresented to the Bankruptcy Court that Plaintiff and its principals represented Reifler.  This was false.  The Court's docket clearly indicated that Plaintiff and its principals represented the TC Companies and Forefront, and not Reifler.

c.   In a June 6, 2022, brief filed with the Bankruptcy Court, the Attorney Defendants accuse Plaintiff's principal Bowles of filing a "perjury filled declaration" with the Bankruptcy Court, without pointing out a single statement that was allegedly perjurious.

57.      Plaintiff filed a motion to dismiss the Adversary Complaint on behalf of the TC Companies and Forefront on March 23, 2022.

58.      On April 5, 2022, defendants Bernstein, Pasquale, Pasquale LLC, and Skolnick filed a motion to reconsider the March 23, 2022 Order.

59.      On April 12, 2022, Defendants filed an amended complaint (the "Amended Complaint") in the Adversary Proceeding.

60.     The Amended Complaint added Plaintiff and its principals, Bowles and Johnson, as defendants in the Adversary Proceeding.

61.     The claims in the Amended Complaint against Plaintiff and its principals were frivolous.

62.     Defendants caused process to be served upon Plaintiff, its principals, and upon Plaintiff's clients, in the form of a summons and the Amended Complaint.

63.     The Amended Complaint repeats the misrepresentation that it was not until December 8, 2021 that Reifler "finally unequivocally admits that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

64.     Omanoff's opposition to the TC Companies and Forefront's motion to dismiss also repeats the misrepresentation that it was "only on December 8, 2021, when the Debtor filed an Affidavit in the New York Action, he finally and unequivocally admitted that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

65.     The Bankruptcy Court held a hearing on Omanoff's motion for reconsideration and the TC Companies and Forefront's motion to dismiss on April 19, 2022, at which hearing defendants Skolnick, Bernstein, Pasquale and Pasquale LLC appeared on behalf of Omanoff, who was also present.  The Bankruptcy Court denied the motion to dismiss as mooted by the filing of the Amended Complaint, but granted reconsideration and imposed a preliminary injunction staying the State Case (the "April Order").

66.     In the April 19, 2022 hearing, the Bankruptcy Court relied upon the Attorney Defendants' misrepresentation that Defendants had not learned of Reifler's ownership of Forefront until December of 2021.

67.     The Bankruptcy Court relied upon this misrepresentation when it extended the preliminary injunction staying the State Case.

68.     The Bankruptcy Court's preliminary injunction prevented the State Court from hearing the summary judgment motions in the State Case, which were scheduled for June 2, 2022.

69.     On or around May 2, 2022 Plaintiff filed a notice of appeal of the April Order.

70.     Two days after the notice of appeal was filed, on May 4, 2022, defendants Skolnick, Bernstein, Pasquale and Pasquale LLC filed an emergency request for a temporary restraining order and an order disqualifying Plaintiff and its principals, Bowles and Johnson, from representing the TC Companies and Forefront in the Adversary Proceeding and the State Case, based on the theory that now that they were defendants in the Adversary Proceeding, they were subject to disqualification as advocate-witnesses, and alleging that their representation of the TC Companies and Forefront in the Adversary Proceeding was also a violation of the automatic stay.

71.     These assertions were frivolous, and were intended to intimidate Plaintiff and its principals from continuing their representation of their clients.

72.     Plaintiff filed a motion to dismiss the Amended Complaint on behalf of the TC Companies, Forefront, Plaintiff, Bowles, Johnson, and McKettrick on May 9, 2022.

73.     On June 1, 2022, defendant Bernstein LLC, together with defendant Bernstein, entered an appearance in the Adversary Proceeding as co-counsel for Omanoff.

74.     A motion to substitute counsel to allow defendant Bernstein LLC to replace defendant Skolnick was filed on June 6, 2022.

75.     On or around June 22, 2022, the Attorney Defendants filed an opposition to the motion to dismiss; the opposition once again contains the misrepresentation that on "December 8, 2021, the Debtor filed an *Affidavit* in the New York Action in which he finally and unequivocally admitted that he was 'manager of, and the sole member of, Forefront Partners, LLC.'" (emphasis in original).

76.     On July 12, 2022 the Bankruptcy Court held an in person hearing on a variety of motions pending in the Adversary Proceeding.

77.     On July 12, 2022, the Bankruptcy Court held that the TC Companies and the State Case are not assets of the bankruptcy estate; therefore, the motion to dismiss was granted on all counts.

78.     On July 14, 2022, the Bankruptcy Court formally dismissed the Adversary Proceeding.

**The RICO Complaint against Plaintiff**

79.     Immediately after losing the Adversary Proceeding, while still in the Bankruptcy Court courtroom, Defendants sued Plaintiff and its principals again.

80.     After the Bankruptcy judge left the courtroom and before the attorneys left counsel table, Omanoff's father personally served Bowles and Plaintiff's counsel in the Adversary Proceeding, Anthony Proscia, with a summons issued by the United States District Court for the Southern District of New York on July 12, 2022, together with a complaint in the matter of Rodney Omanoff v. Bradley Carl Reifler, et al., Civil Action No. 1:22-cv-05827, filed July 8, 2022 (the "RICO Case").

81.     By initiating the Adversary Proceeding against Plaintiff's clients (and then Plaintiff) the day after summary judgment briefing was completed in the State Case, and by

initiating the RICO Case within moments of losing the Adversary Proceeding, Defendants have shown a clear pattern of abuse of the legal system and of vexatious litigation.

82.    The RICO Case was filed by defendants Pasquale, Pasquale LLC, Bernstein and Bernstein LLC on behalf of defendant Omanoff.

83.    The complaint in the RICO Case names Plaintiff and its principals, Bowles and Johnson, together with Reifler, the TC Companies, Forefront, and an additional 25 defendants, exclusive of Jane Does, John Does, ABC Companies and XYZ Partnerships, and alleges claims for fraud, aiding and abetting fraud, breach of contract, civil conspiracy, accounting, civil RICO volitions, RICO conspiracy, and abuse of process.

84.    The RICO Case against Plaintiff and its principals is frivolous, and is intended to harass and intimidate Plaintiff and its principals.

### FIRST CLAIM FOR RELIEF
### ABUSE OF PROCESS
**(Against all Defendants)**

85.    Plaintiff repeats and realleges the prior allegations as if set forth in full herein.

86.    Defendants abused process by filing and serving the Amended Complaint in the Adversary Proceeding against opposing counsel in that proceeding, with the intent of forcing Plaintiff and its principals, Bowles and Johnson, to abandon their clients and leave their clients without representation.

87.    Defendants caused process to be issued against Plaintiff in the form of a summons and the Amended Complaint on or about April 12, 2022.

88.    The Amended Complaint sought to hold Plaintiff and its principals liable for amounts in excess of $1 million.

89.    Defendants' claim against Plaintiff and its principals was frivolous.

90.     Defendants did not allege that Plaintiff and its principals had committed any actions other than the normal representation of their clients in the State Case.

91.     Defendants filed a motion to disqualify Plaintiff and its principals from representing their clients in the Adversary Proceeding on May 4, 2022.

92.     Defendants filed the motion to disqualify Plaintiff and its principals on an "emergency" basis, seeking a TRO that would have prevented Plaintiff and its principals from representing their clients in opposition to the motion.

93.     The intent of adding Plaintiff and its principals to the Amended Complaint was to intimidate Plaintiff and its principals into resigning from their representation of their clients in the Adversary Proceeding and the State Case.

94.     The intent of the motion to disqualify Plaintiff and its principals was also to intimidate Plaintiff and its principals into resigning from their representation of their clients in the Adversary Proceeding and the State Case.

95.     Because of the posture of the Adversary Proceeding, Defendants were aware that Plaintiff's clients would likely have been unable to secure new counsel, and therefore would have defaulted in the Adversary Proceeding without offering a defense.

96.     It is unethical to sue opposing counsel in an ongoing proceeding.

97.     On July 12, 2022, the Bankruptcy Court in the Adversary Proceeding dismissed the Adversary Proceeding.

98.     Defendants further abused process by filing and serving the RICO Complaint against Plaintiff and its principal, Bowles, with the intent of forcing Plaintiff and its principals, Bowles and Johnson, to abandon their clients and leave their clients without representation.

99.     Defendants' intent in suing Plaintiff and its principals was to do harm to Plaintiff, its principals, and its clients, without excuse or justification for such harm.

100.     Defendants used legal process, including the summons and Amended Complaint, and all pleadings thereafter referring to Plaintiff and its principals, and the RICO Complaint, in a perverted manner to obtain the collateral objective of forcing Plaintiff and its principals to abandon their clients and leave their clients without representation in both the Adversary Proceeding and the State Case.

101.     As of the date of this complaint, Plaintiff has incurred the loss of attorney time and expenses valued in excess of $298,000.00 in defending against the Adversary Proceeding and the RICO Case.

### SECOND CLAIM FOR RELIEF
### VIOLATION OF NY JUDICIARY LAW §487
**(Against the Attorney Defendants)**

102.     Plaintiff repeats and realleges the prior allegations as if set forth in full herein.

103.     Section 487 of the New York Judiciary Law states that an attorney or counselor who is guilty of any deceit, or consents to any deceit, with the intent to deceive the court or any party, is guilty of a misdemeanor and forfeits to the party treble damages, to be recovered in a civil action.

104.     Rule 3.3 of the New York Code of Professional Responsibility states that a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

105.     The Attorney Defendants made and repeated a known misstatement to the Bankruptcy Court, in that they repeatedly stated that Defendants only became aware of the fact that Reifler owned Forefront on December 8, 2021.

106.    This statement was false because Omanoff had known of Reifler's ownership of Forefront for years preceding December 8, 2022, as demonstrated by the record cited above.

107.    This misstatement was essential to Defendants' pursuit of the Adversary Proceeding, because otherwise the proceeding was filed as much as five years too late, and subject to a laches defense.

108.    On information and belief, this misstatement was intended to deceive the Bankruptcy Court.

109.    Defendants made this misstatement many times to the Bankruptcy Court, repeating it:

    a.  In the February 25, 2022 complaint that initiated the Adversary Proceeding;

    b.  In the February 25, 2022 declaration by defendant Bernstein to the Bankruptcy Court in support of a TRO;

    c.  In Defendants' March 11, 2022 memorandum of law in support of the TRO;

    d.  In open court before the Bankruptcy Court at a hearing on March 15, 2022;

    e.  In the April 12, 2022 Amended Complaint in the Adversary Proceeding;

    f.  In Defendants' April 12, 2022 opposition to the motion to dismiss;

    g.  In Defendants' June 22, 2022 opposition to the motion to dismiss; and

    h.  At other dates and times before the Bankruptcy Court.

110.    Defendants continued to repeat the misstatement despite the letter from Plaintiff on March 21, 2022 demonstrating that the statement was false, and demanding a correction of the record.

111.    Defendants succeeded in misleading the Bankruptcy Court, because the Bankruptcy Court relied upon it in its decision to extend the preliminary injunction staying the State Case, during a hearing on April 19, 2022.

112.    By making a repeated and provably false misstatement to the Bankruptcy Court, with the intent to deceive the Bankruptcy Court, the Attorney Defendants have violated Judiciary Law §487.

113.    By knowingly making a false statement of fact to the Bankruptcy Court, and by failing to correct that false statement of fact, the Attorney Defendants have also violated Rule 3.3 of the New York Code of Professional Responsibility.

114.    Pursuant to Judiciary Law §487, the Attorney Defendants are liable to Plaintiff for treble damages.

115.    Plaintiff was damaged in an amount in excess of $298,000 because that is the value in time and expenses that Plaintiff lost in the litigation of the Adversary Proceeding prior to its dismissal.

116.    Plaintiff therefore seeks treble damages of the amount identified in the preceding paragraph.

### THIRD CLAIM FOR RELIEF
### 28 U.S.C. §1927
**(Against the Attorney Defendants)**

117.    Plaintiff repeats and realleges the prior allegations as if set forth in full herein.

118.    Title 28 of the United States Code, Section 1927, states that "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

119.    Attorney Defendants multiplied the proceeding unreasonably and vexatiously in the Adversary Proceeding before the Bankruptcy Court.

120.    Attorney Defendants' filing of the Amended Complaint to add Plaintiff and its principals Bowles and Johnson as defendants in the Adversary Proceeding was unreasonable and multiplied the proceedings before the Bankruptcy Court.

121.    Attorney Defendants' filing of a motion to disqualify Plaintiff and its principals Bowles and Johnson from representing their clients in the Adversary Proceeding was unreasonable and multiplied the proceedings before the Bankruptcy Court.

122.    On May 16, 2022, the Chapter 7 Trustee for Reifler wrote a letter to the Bankruptcy Court regarding Defendants' behavior before the Bankruptcy Court, stating: "Instead of cooperating with the Trustee, Mr. Omanoff has pursued a scorched-earth litigation strategy in this Court, which he now threatens to direct at the Trustee and/or the United States Trustee. Needless to say, Mr. Omanoff's continued and unexplained failure to produce documents to the Trustee raises any number of questions as to his bona fides, i.e., whether he intends to assist the Trustee or increase the property of the Estate or instead he seeks to use this forum improperly for strategic purposes in other proceedings in which he appears to face significant exposure."

123.    The statement from the Trustee supports the conclusion that the Attorney Defendants were acting unreasonably and vexatiously before the Bankruptcy Court.

124.    Pursuant to 28 U.S.C §1927, therefore, the Attorney Defendants are liable to Plaintiff for the excess costs, expenses, and attorneys' fees reasonably incurred by Plaintiff because of their conduct.

125.    The Attorney Defendants are therefore liable to Plaintiff in an amount equal in excess of $298,000.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.  On the First Claim for Relief, money damages in favor of Plaintiff and against Defendants for their abuse of process, in an amount to be determined at trial, but in no event less than the value of the costs and attorneys' fees generated in defending the Adversary Proceeding, being not less than $298,000 in the aggregate; and

b.  On the Second Claim for Relief, treble damages in favor of Plaintiff and against the Attorney Defendants for their violation of NY Judiciary Law §487, in an amount equal to three times the value of the costs and attorneys' fees generated in defending the Adversary Proceeding, being not less than $298,000 in the aggregate; and

c.  On the Third Claim for Relief, money damages in favor of Plaintiff and against the Attorney Defendants for violations of 28 U.S.C. §1927, in an amount to be determined at trial, but in no event less than the value of the costs and attorneys' fees generated in defending the Adversary Proceeding, being not less than $298,000 in the aggregate, and

d.  Attorneys' fees and costs for the current matter; and

e.  Such other and further relief as this Court deems just and proper.

Dated: July 15, 2022

BOWLES & JOHNSON PLLC

David K. Bowles
14 Wall Street, 20th Floor
New York, New York 10005
T: (212) 390-8842
F: (866) 844-8305
E: David@BoJo.Law