David K. Bowles (State Bar No. 210986)
BOWLES & JOHNSON PLLC
14 Wall Street, 20th Floor
New York, NY 10005
Telephone: (212) 390-8842
Facsimile: (866) 844-8305
E-mail: david@bojo.law

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| BOWLES & JOHNSON, PLLC,<br><br>                                           Plaintiff,<br><br>v.<br><br>SCOTT H. BERNSTEIN, ESQ., LAW OFFICES OF SCOTT H. BERNSTEIN LLC, MICHAEL P. PASQUALE, ESQ., THE LAW OFFICES OF MICHAEL P. PASQUALE LLC, SKOLNICK LEGAL GROUP, P.C., and RODNEY A. OMANOFF,<br><br>                                           Defendants. | Case No. 1:22-cv-06047-DLC<br><br>**AMENDED COMPLAINT** |

Plaintiff Bowles & Johnson, PLLC ("BoJo" or "Plaintiff"), brings suit against defendants Scott H. Bernstein, Esq. ("Bernstein"), Law Offices of Scott H. Bernstein LLC ("Bernstein LLC"), Michael P. Pasquale, Esq. ("Pasquale"), The Law Offices of Michael P. Pasquale, LLC ("Pasquale LLC"), Skolnick Legal Group, P.C. ("Skolnick," and together with Bernstein, Bernstein LLC, Pasquale and Pasquale LLC, the "Attorney Defendants"), and Rodney A. Omanoff ("Omanoff," and together with the Attorney Defendants, "Defendants"), and alleges, upon information and belief, except for the allegations that are made on personal knowledge, as follows:

1.      This complaint is based upon misrepresentations of fact knowingly made by the Attorney Defendants to a bankruptcy court (the "Bankruptcy Court") during the course of an

adversary proceeding (Omanoff v. Reifler et al., Adversary Proceeding No. 22-09002 (the "Adversary Proceeding")). Omanoff brought the Adversary Proceeding five years too late, and the Attorney Defendants made the misrepresentations to avoid a laches defense. The Attorney Defendants successfully misled the bankruptcy court on that issue. This was a violation of New York Judiciary Law §487.

2. This complaint is further based on abusive litigation practices by Defendants, including their filing an amended complaint suing opposing counsel (the Plaintiff here and its principals) in the Adversary Proceeding, and then attempting to have Plaintiff and its principals disqualified on the grounds that they had been sued. This was an improper attempt to force Plaintiff and its principals to abandon their clients and to deny those clients any representation in court at all, while simultaneously attempting to punish Plaintiff and its principals for having represented their clients against Omanoff in a New York State proceeding during the prior four years. This constitutes abuse of process.

## JURISDICTION AND VENUE

3. This Court has federal subject matter jurisdiction under 28 U.S.C. §1332 as the parties in interest are citizens of different states, and the matter in controversy exceeds $75,000, as further described herein.

4. Venue is proper in this Court under 28 U.S.C. §1391 because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

## THE PARTIES

5. Plaintiff is a professional limited liability company organized under the laws of the state of New York; its principal place of business is 14 Wall Street, 20th Floor, New York, New York 10005.

6. Upon information and belief, based on certain judicial filings described below, defendant Omanoff is an individual domiciled in the state of Florida.

7. Upon information and belief, defendant Bernstein is an individual residing in the state of New Jersey, and licensed to practice law in the states of New Jersey and New York.

8. Upon information and belief, defendant Bernstein LLC is a limited liability company organized under the laws of the state of New Jersey; it maintains offices at 101 Eisenhower Parkway, Suite #300, Roseland, New Jersey 07068 and 307 7th Avenue, Suite #1001, New York, New York 10001.

9. Upon information and belief, defendant Bernstein LLC is wholly owned by defendant Bernstein.

10. Upon information and belief, defendant Pasquale is an individual residing in the state of New Jersey, and licensed to practice law in the states of New Jersey and New York.

11. Upon information and belief, defendant Pasquale LLC is a limited liability company organized under the laws of the state of New Jersey; it maintains offices at 163 Madison Avenue, Suite 220-80, Morristown, New Jersey 07960 and 48 Wall Street, Eleventh Floor, New York, New York 10005.

12. Upon information and belief, defendant Pasquale LLC is wholly owned by defendant Pasquale.

13. Upon information and belief, defendant Skolnick is a professional corporation incorporated under the laws of the state of New Jersey; its principal office is located at 103 Eisenhower Parkway, Suite 305, Roseland, NJ 07068 and it maintains an office at 18 East 41st Street, 6th Floor, New York, New York 10017.

14. Upon information and belief, defendant Skolnick employed defendant Bernstein during all times relevant to the preparation, commencement and prosecution of the Adversary Proceeding until the employment relationship was terminated sometime after May 24, 2022 and before June 1, 2022.

## FACTS COMMON TO ALL CAUSES OF ACTION

### Formation and Destruction of TC

15. The original underlying dispute relates to the formation and ultimate destruction of Talking Capital Windup LLC (formerly known as Talking Capital LLC) (hereinafter "TC") by Omanoff, leading to TC's claim against Omanoff for, *inter alia*, breach of fiduciary duty and misappropriation of corporate opportunity.

16. Omanoff was one of three founders and managers of TC, a telecommunications finance company, founded in 2014.

17. Omanoff formed a company, Omanoff America Telecom LLC ("OAT"), which was one of the members of TC.

18. Bradley Reifler ("Reifler") was also one of the three founders and managers of TC.

19. Reifler's company, Forefront Partners LLC ("Forefront") was one of the members of TC.

20. TC primarily relied upon companies known as Direct Lending Investments LLC, Direct Lending Income Fund, L.P. and DLI TC LLC (collectively, "Direct Lending") for funding.

21. Direct Lending and TC (via a subsidiary) had a lending agreement with a noncompete clause.

22. TC was successful and profitable.

23. In or around September 2015, Omanoff chose to create a competing company in secret from Reifler, TC, and Forefront, and stole away TC's customers.

24. Omanoff also caused Direct Lending to breach its noncompete agreement and lend money to his competing company rather than to TC.

25. Omanoff did all this while remaining a manager of TC, with full duties of loyalty to TC and its members.

**TC's State Case Against Omanoff as a Disloyal Fiduciary**

26. In or around late 2016 or early 2017, Reifler, the sole loyal remaining manager of TC, learned of Omanoff's competitive activities and breaches of his duties of loyalty.

27. On February 24, 2017, Reifler, as manager of Forefront, caused a derivative lawsuit to be filed on behalf of TC and its subsidiaries (the "TC Companies") in the Supreme Court of the State of New York, County of New York against Omanoff. The case was Talking Capital LLC *et al.* v. Omanoff *et al.*, Index No. 650973/2017 (now captioned as Talking Capital Windup LLC *et al.* v. Omanoff *et al.*) (the "State Case").

28. Plaintiff is counsel to the plaintiffs (the TC Companies) in the State Case. David K. Bowles, Esq. ("Bowles"), is the lead attorney, with substantial assistance from Margarett A. Johnson, Esq. ("Johnson").

29. On or around July 21, 2021, defendant Pasquale LLC was substituted as the attorney of record for defendant Omanoff in the State Case; defendant Pasquale was the lead attorney at that time and remains the lead attorney at the present time.

30. On or around December 9, 2021, the parties in the State Case commenced their respective motions for summary judgment.

31. The parties in the State Case completed their summary judgment briefing on February 24, 2022, with the filing of their respective reply papers.

**The Abusive Adversary Proceeding in Bankruptcy Court**

32. On the very next day, February 25, 2022, in a desperate and ultimately failed attempt to stop the State Case from going forward, Omanoff and his counsel initiated the Adversary Proceeding.

33. The Adversary Proceeding was obviously frivolous and a procedural maneuver, because, *inter alia*, the plaintiffs in the State Case were the TC Companies, which were not bankrupt, and were not part of Reifler's bankruptcy estate.

Defendants' Misstatements to the Bankruptcy Court

34. The Adversary Proceeding was also obviously subject to a laches defense, since the underlying bankruptcy was five years old, and the Adversary Proceeding should have been brought, if at all, five years earlier.

35. In order to avoid a laches defense, Defendants falsely stated that they had only recently learned that Reifler was the sole owner of Forefront.

36. To be precise, Defendants made this misstatement in various forms to the Bankruptcy Court in the manner and on the dates stated below:

    a. In a February 25, 2022 complaint that initiated the Adversary Proceeding, in which Bernstein (acting on behalf of Skolnick) stated to the Bankruptcy Court that "[m]ore than two years after that, on December 8, 2021, the Debtor filed an Affidavit in the New York Action in which he finally unequivocally admits that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

6

    b. In a February 25, 2022 declaration by Bernstein to the Bankruptcy Court in support of a TRO, in which Bernstein stated to the Bankruptcy Court that "[m]ore than two years after that, on December 8, 2021, the Debtor filed an Affidavit in the New York Action in which he finally unequivocally admits that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

    c. In Omanoff's March 11, 2022 reply memorandum of law in support of the TRO, in which Bernstein (acting on behalf of Skolnick and their client Omanoff) stated to the Bankruptcy Court that "[i]t was only on December 8, 2021, when the Debtor filed an Affidavit in the New York Action, he finally and unequivocally admitted that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

    d. Repeatedly in open court before the Bankruptcy Court at a hearing on March 15, 2022, in which Bernstein (acting on behalf of Skolnick and their client Omanoff) made the following statements to the Bankruptcy Court:

        i. "As we learned in December of 2021 through the debtor's affidavit filed in a New York State, he is the sole member and manager of Forefront Partners LLC, an undisclosed asset of this bankruptcy estate."

        ii. "We've only known about this since December of 2021."

        iii. "And finally, here we were in December of 2021, there's an unambiguous affidavit of Bradley Reifler that's attached to our papers, I don't have it in front of me, in which he admits that he's the sole member and manager of Forefront Partners. I was retained approximately a month after that."

    iv. "And it's only on December 8, 2021 that the debtor filed an affidavit in the New York action in which he admitted that he's the manager and sole partner of Forefront Partners LLC."

    v. When asked by the Bankruptcy Court where Reifler first admitted that he owned Forefront, Bernstein stated "December 8, 2021."

e. In a April 12, 2022 amended complaint filed in the Adversary Proceeding, in which Bernstein (acting on behalf of Skolnick) and Pasquale (acting on behalf of Pasquale LLC), and both acting on behalf of Omanoff, stated "[m]ore than two years after that, on December 8, 2021, the Debtor filed an Affidavit in the New York Action in which he finally unequivocally admits that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

f. In Defendants' April 12, 2022 opposition to the motion to dismiss, in which Bernstein (acting on behalf of Skolnick) and Pasquale (acting on behalf of Pasquale LLC), and both acting on behalf of Omanoff, stated "[i]t was only on December 8, 2021, when the Debtor filed an Affidavit in the New York Action, he finally and unequivocally admitted that he the 'manager of, and the sole member of, Forefront Partners, LLC.'"

g. In Defendants' June 22, 2022 opposition to the motion to dismiss, in which Bernstein (acting on behalf of Bernstein LLC) and Pasquale (acting on behalf of Pasquale LLC), and both acting on behalf of Omanoff, stated "[o]n December 8, 2021, the Debtor filed an Affidavit in the New York Action in which he finally and unequivocally admitted that he was 'manager of, and the sole member of, Forefront Partners, LLC.'"

    h. During a July 12, 2022 hearing before the Bankruptcy Court in which Bernstein (acting on behalf of Bernstein LLC and Omanoff) stated "[a]nd then, in December 2021, the debtor filed an affidavit in the New York action in which he finally unequivocally admits that he's a manager and sole member of Forefront Partners."

37.    These statements were false, because Omanoff and his counsel had known that Reifler owned Forefront for years, *inter alia*, for these reasons:

    a. Omanoff knew that Reifler owned Forefront in 2014, when Omanoff did his due diligence on Forefront and Reifler prior to forming the TC Companies. The ownership of Forefront by Reifler was clearly indicated in a 2011 operating agreement that existed in Omanoff's files.

    b. Reifler testified in a 2018 deposition attended in person by Omanoff that Reifler owned Forefront.

    c. Reifler stated in an affidavit filed in the State Case on February 6, 2019 that "I am the sole member and manager of Forefront Partners, LLC …."

    d. Reifler stated in a verification of a pleading dated February 13, 2019, that he was "the member and manager of Forefront Partners LLC."

    e. Omanoff, in a verified pleading in the State Case dated September 27, 2019, stated that "Forefront Partners is and always has been owned and operated by Bradley Carl Reifler."

    f. Reifler testified under oath at various other times in the State Case that he was the sole owner and member of Forefront.

38. On March 21, 2022, shortly after the first instance of the misstatement in the Adversary Proceeding, Plaintiff wrote a letter to Bernstein demanding that he, and through him Skolnick and Omanoff, retract the statement and cease making it.

39. Defendants Bernstein, Skolnick and Omanoff never responded to Plaintiff's demand letter.

40. Defendants succeeded in misleading the Bankruptcy Court on this point, because the Bankruptcy Court relied upon the misrepresentation in its decision to extend the preliminary injunction staying the State Case, during a hearing on April 19, 2022.

41. The false statement that Reifler had only admitted to the ownership of Forefront in December of 2019 is only one of the false or misleading statements that the Attorney Defendants made to the Bankruptcy Court. For example:

   a. The June 22, 2022 opposition brief filed by Defendants stated that the TC Companies' first two law firms "resigned after learning about the Debtor's lies, frauds, spoliation of evidence, and use of his Forefront to perpetrate a fraud on investors." This was false. The earlier counsel resigned after the bills were not paid.

   b. Defendants repeatedly misrepresented to the Bankruptcy Court that Plaintiff and its principals represented Reifler. This was false. The Court's docket clearly indicated that Plaintiff and its principals represented the TC Companies and Forefront, and not Reifler.

   c. In a June 6, 2022, brief filed with the Bankruptcy Court, the Attorney Defendants defamed Plaintiff's principal Bowles by accusing him of filing a "perjury filled

declaration" with the Bankruptcy Court, without pointing out a single statement that was allegedly perjurious.

    d. During oral argument on July 12, 2022, Bernstein represented to the court that Mr. Reifler "pled guilty to forging Mr. Omanoff's name, to committing 24 acts of forgery …."  This was false.

Defendants' Abusive Tactics

42. On April 12, 2022, Defendants filed an amended complaint (the "Amended Complaint") in the Adversary Proceeding.

43. The Amended Complaint added Plaintiff and its principals, Bowles and Johnson, as defendants in the Adversary Proceeding.

44. Plaintiff and its principals were opposing counsel in the Adversary Proceeding at the time.  Defendants were therefore suing opposing counsel in an active proceeding.

45. The claims in the Amended Complaint against Plaintiff and its principals were frivolous, and were intended to cause Plaintiff and its principals to abandon their clients, leaving the clients without representation, and to punish Plaintiff and its principals for having represented TC Companies and Forefront in the State Case during the proceeding four years.

46. Defendants caused process to be served upon Plaintiff and its principals in the form of a summons and the Amended Complaint.

47. On May 4, 2022, defendants Bernstein, Skolnick, Pasquale and Pasquale LLC filed a motion to disqualify Plaintiff and its principals, Bowles and Johnson, from representing the TC Companies and Forefront in the Adversary Proceeding and the State Case, based on the fact that they were now defendants.

48. These arguments were frivolous, and were intended to intimidate Plaintiff and its principals from continuing their representation of their clients and were intended to punish them for their prior representation of the TC Companies and Forefront.

49. On July 12, 2022, the Bankruptcy Court held that Forefront's assets and its subsidiaries' assets, including the State Case, are not assets of the bankruptcy estate; therefore, the motion to dismiss was granted on all counts.

50. On July 14, 2022, the Bankruptcy Court formally dismissed the Adversary Proceeding.

51. On July 28, 2022, Omanoff and his counsel caused a motion for reconsideration of the Bankruptcy Court's dismissal of the Adversary Proceeding. As of the date of this amended complaint, that motion remains pending.

**The RICO Complaint against Plaintiff**

52. Immediately after losing the Adversary Proceeding, while still in the Bankruptcy Court courtroom, Defendants sued Plaintiff and its principals again.

53. After the Bankruptcy judge left the courtroom and before the attorneys left the counsel table, Omanoff's father personally served Bowles and Plaintiff's counsel in the Adversary Proceeding, Anthony Proscia, with a summons issued by the United States District Court for the Southern District of New York on July 12, 2022, together with a complaint in the matter of Rodney Omanoff v. Bradley Carl Reifler, et al., Civil Action No. 1:22-cv-05827, filed July 8, 2022 (the "RICO Case").

54. The RICO Case was filed by defendants Pasquale, Pasquale LLC, Bernstein and Bernstein LLC on behalf of Omanoff.

55. The complaint in the RICO Case named Plaintiff and its principals, Bowles and Johnson, together with Reifler, the TC Companies, Forefront, and an additional 25 defendants, exclusive of Jane Does, John Does, ABC Companies and XYZ Partnerships, and alleged claims for fraud, aiding and abetting fraud, breach of contract, civil conspiracy, accounting, civil RICO volitions, RICO conspiracy, and abuse of process.

56. The RICO Case against Plaintiff and its principals was frivolous, and was intended to harass and intimidate Plaintiff and its principals.

57. The RICO complaint contains allegations that certain assets of Forefront, being the TC Companies, are assets of the bankruptcy estate. This is direct contravention of the bankruptcy court's July 12, 2022 holding that Forefront's assets and its subsidiaries' assets, including the State Case, are not assets of the bankruptcy estate.

58. On July 18, 2022, Plaintiff sent a letter to Omanoff's counsel demanding that Plaintiff and its principals be removed as defendants in the RICO case.

59. On July 26, 2022, Omanoff filed an amended complaint in the RICO Case, which omits Plaintiff and its principals as defendants (the "Amended RICO Complaint").

60. Like the original RICO complaint, the Amended RICO Complaint contains allegations that certain assets of Forefront, being the TC Companies, are assets of the bankruptcy estate. This is direct contravention of the bankruptcy court's July 12, 2022 holding that Forefront's assets and its subsidiaries' assets, including the State Case, are not assets of the bankruptcy estate.

61. Despite the fact that Plaintiff and its principals were dropped as defendants, the Amended RICO Complaint remains frivolous, and is another indication of the continuing

abusive litigation being carried out by Omanoff, Bernstein, Bernstein LLC, Pasquale, and Pasquale LLC.

## FIRST CLAIM FOR RELIEF
## VIOLATION OF NY JUDICIARY LAW §487
**(Against the Attorney Defendants)**

62. Plaintiff repeats and realleges the prior allegations as if set forth in full herein.

63. Section 487 of the New York Judiciary Law states that an attorney or counselor who is guilty of any deceit, or consents to any deceit, with the intent to deceive the court or any party, is guilty of a misdemeanor and forfeits to the party treble damages, to be recovered in a civil action.

64. Rule 3.3 of the New York Code of Professional Responsibility states that a lawyer shall not knowingly make a false statement of fact or law to a tribunal or fail to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

65. As alleged in detail in paragraph 36, *supra*, the Attorney Defendants made and repeated a known misstatement to the Bankruptcy Court, in that they repeatedly stated that Defendants only became aware of the fact that Reifler owned Forefront on December 8, 2021.

66. As alleged in detail in paragraph 37, *supra*, this statement was false as demonstrated irrefutably by the paper record.

67. On information and belief, this misstatement was intended to deceive the Bankruptcy Court so as to avoid a laches defense.

68. Defendants continued to repeat the misstatement despite the letter from Plaintiff on March 21, 2022 demonstrating that the statement was false, and demanding a correction of the record.

69. Defendants succeeded in misleading the Bankruptcy Court, because the Bankruptcy Court relied upon it in its decision to extend the preliminary injunction staying the State Case, during a hearing on April 19, 2022.

70. As alleged in detail above in paragraph 41, Defendants made other provably false statements to the Bankruptcy Court.

71. By making provably false misstatements to the Bankruptcy Court, with the intent to deceive the Bankruptcy Court, the Attorney Defendants have violated Judiciary Law §487.

72. By knowingly making false statements of fact to the Bankruptcy Court, and by failing to correct those false statements of fact, the Attorney Defendants have also violated Rule 3.3 of the New York Code of Professional Responsibility.

73. Pursuant to Judiciary Law §487, the Attorney Defendants are liable to Plaintiff for treble damages.

74. Plaintiff had other paying clients that Plaintiff was unable to service because of the excessive and abusive litigation tactics of Defendants, facilitated by the misstatements to the Bankruptcy Court.

75. Plaintiff was damaged in an amount in excess of $300,000 because that is the value in time, expenses, and lost profits that Plaintiff lost in the litigation of the Adversary Proceeding prior to its dismissal and the RICO Case prior to the filing of the Amended RICO Complaint.

76. Plaintiff therefore seeks treble damages of the amount identified in the preceding paragraph, in the amount of $900,000.

## SECOND CLAIM FOR RELIEF
## ABUSE OF PROCESS
**(Against all Defendants)**

77.     Plaintiff repeats and realleges the prior allegations as if set forth in full herein.

78.     Defendants abused process by filing and serving the summons and Amended Complaint in the Adversary Proceeding against opposing counsel in that proceeding, and subsequently moving to disqualify Plaintiff and its principals, with the malicious intent of forcing Plaintiff and its principals to abandon their clients and leave their clients without representation.

79.     Defendants caused process to be issued against Plaintiff in the form of a summons and the Amended Complaint in the Adversary Proceeding on or about April 12, 2022.

80.     The Amended Complaint sought to hold Plaintiff and its principals liable for amounts in excess of $1 million.

81.     Omanoff's claims against Plaintiff and its principals were frivolous.

82.     The Amended Complaint did not allege that Plaintiff and its principals had committed any actions other than the normal representation of their clients in the State Case.

83.     Defendants filed a motion to disqualify Plaintiff and its principals from representing their clients in the Adversary Proceeding on May 4, 2022.

84.     Defendants filed the motion to disqualify Plaintiff and its principals on an "emergency" basis, seeking a TRO that would have prevented Plaintiff and its principals from representing their clients in opposition to the motion.

85.     The intent of adding Plaintiff and its principals to the Amended Complaint was to intimidate Plaintiff and its principals into resigning from their representation of their clients in the Adversary Proceeding and the State Case.

86. The intent of the motion to disqualify Plaintiff and its principals was also to intimidate Plaintiff and its principals into resigning from their representation of their clients in the Adversary Proceeding and the State Case.

87. Defendants attempted to interfere with Plaintiff's right to represent its clients and perform legal services for compensation.

88. Because of the posture of the Adversary Proceeding, Defendants were aware that Plaintiff's clients would likely have been unable to secure new counsel, and therefore would have defaulted in the Adversary Proceeding without offering a defense.

89. It is unethical to sue opposing counsel in an ongoing proceeding.

90. On July 12, 2022, the Bankruptcy Court in the Adversary Proceeding dismissed the Adversary Proceeding.

91. Defendants further abused process by filing and serving the complaint in the RICO Case against Plaintiff and its principal, Bowles, with the malicious intent of forcing Plaintiff and its principals, Bowles and Johnson, to abandon their clients and leave their clients without representation.

92. Defendants' intent in suing Plaintiff and its principals was to do harm to Plaintiff, its principals, and its clients, and particularly to punish Plaintiff and its principals for representing their clients, without excuse or justification for such harm.

93. Defendants used legal process, including the summons and Amended Complaint, and all pleadings thereafter referring to Plaintiff and its principals in the Adversary Proceeding, and the complaint in the RICO Case, in a perverted manner to obtain the collateral objective of forcing Plaintiff and its principals to abandon their clients and leave their clients without representation in both the Adversary Proceeding and the State Case, and to force Plaintiff and its

principals to invest massive amounts of attorney time defending the Adversary Proceeding and RICO Case, which attorney time would otherwise be used to generate fees through representation of other clients.

94. Plaintiff had paying clients during the time period in which Plaintiff was sued by Defendants, and but for the lawsuit against Plaintiff and its principals, would have used the lost time to represent those clients for compensation.

95. As of the date of this complaint, Plaintiff has incurred damages in the form of the lost profits from the attorney work hours lost in defending against the Adversary Proceeding from and after April 12, 2022 (the date upon which Defendants added Plaintiff and its principals as defendants) and in preparing to defend against the RICO Case, valued in excess of $200,000.00.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

a. On the First Claim for Relief, treble damages in the amount of not less than $900,000 in favor of Plaintiff and against the Attorney Defendants for their violation of NY Judiciary Law §487, which amount is equal to three times the value of the attorney work hours lost in defending the Adversary Proceeding and RICO Case, being not less than $300,000 in the aggregate; and

b. On the Second Claim for Relief, money damages in favor of Plaintiff and against Defendants for their abuse of process, in an amount to be determined at trial, but in no event less than the value of the attorney work hours lost in defending the Adversary Proceeding and RICO Case, being not less than $200,000 in the aggregate, together with exemplary and punitive damages; and

    c.  Attorneys' fees and costs for the current matter; and

    d.  Such other and further relief as this Court deems just and proper.

Dated: August 4, 2022

                                    BOWLES & JOHNSON PLLC

                                    _____

                                    David K. Bowles
                                    14 Wall Street, 20th Floor
                                    New York, New York 10005
                                    T: (212) 390-8842
                                    F: (866) 844-8305
                                    E: David@BoJo.Law