Michael P. Pasquale, Esq.
Law Offices of Michael P. Pasquale, LLC
163 Madison Avenue, Suite 200-80
Morristown, New Jersey 07960
(973) 975-4167

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

BOWLES & JOHNSON, PLLC,

        *Plaintiff*,

       *v.*

SCOTT H. BERNSTEIN, ESQ., LAW OFFICES OF SCOTT H. BERNSTEIN LLC, MICHAEL P. PASQUALE, ESQ., THE LAW OFFICES OF MICHAEL P. PASQUALE LLC, SKOLNICK LEGAL GROUP, P.C., and RODNEY A. OMANOFF,

        *Defendants*.

Case No. 1:22-cv-06047-DLC

---

**BRIEF OF DEFENDANTS MICHAEL P. PASQUALE AND THE LAW OFFICES OF MICHAEL P. PASQUALE, LLC IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

## TABLE OF CONTENTS

**Page**

**PRELIMINARY STATEMENT** ................................................................................. 1

**STATEMENT  OF  FACTS** ...................................................................................... 4

**LEGAL ARGUMENT** ............................................................................................... 10

**POINT ONE**

STANDARD OF REVIEW ........................................................................................ 10

**POINT TWO**

PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER
NEW YORK JUDICIARY LAW §487 SHOULD BE
DISMISSED FOR FAILURE TO STATE A CLAIM .................................................. 11

    A.  PLAINTIFF FILED SUIT IN THE WRONG
        COURT, UNDER THE WRONG LAW,
        AGAINST IMPROPER DEFENDANTS........................................................ 13

    B.  DEFENDANTS' ADVOCACY IS NOT
        ACTIONABLE "DECEIT" UNDER §487................................................... 16

    C.  THE AMENDED COMPLAINT FAILS
        TO SET FORTH ANY PLAUSIBLE
        ALLEGATIONS THAT DEFENDANTS
        INTENDED TO DECEIVE THE COURT ................................................... 18

    D.  THE AMENDED COMPLAINT SHOULD
        BE DISMISSED FOR LACK OF
        PARTICULARITY AND INTENTIONAL
        OMISSION OF CRITICAL FACTS ........................................................... 20

**POINT THREE**

PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR
ABUSE OF PROCESS SHOULD BE DISMISSED
FOR FAILURE TO STATE A CLAIM ....................................................................... 21

**POINT  FOUR**

THE ALLEGATIONS MADE AND RELIEF SOUGHT
BY PLAINTIFF HAVE ALREADY BEEN RAISED
AND LITIGATED........................................................................................................ 22

**CONCLUSION**.............................................................................................................................24

**TABLE OF AUTHORITIES**                    **Page(s)**

**CASES**

*Alliance Network, LLC v. Sidley Austin LLP*,
    987 N.Y.S.2d 794 (N.Y. Sup. Ct. 2014) ................................................................... 12, 13

*Amalfitano v. Rosenberg*,
    12 N.Y.3d 8 (N.Y. 2009) ............................................................................................. 12

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) .................................................................................................... 10

*Brady v. Goldman*,
    2016 U.S. Dist. LEXIS 168653 (S.D.N.Y. 2016) ..................................................... 16

*Basho Techs. Holdco B, LLC v. Georgetown Basho Inv'rs, LLC*,
    2018 Del. Ch LEXIS 222 (Del. Ch. 2018) ............................................................... 26

*Bay Ctr. Apartments Owner, LLC v. Emery Bay PK/, LLC*,
    2009 WL 1124451, at *8 n.33 (Del. Ch. 2009) ........................................................ 8

*Blackmore Partners, L.P. v. Link Energy LLC*,
    2005 Del. Ch. LEXIS 155 (Del Ch. 2005) ............................................................... 52

*Chambers v. NASCO, Inc.*,
    501 U.S. 32, 43 (1991) ............................................................................................... 15

*Dean v. Kochendorfer*,
    237 N.Y. 384 (1924) .................................................................................................. 21

*DG BF, LLC v. Ray*,
    2021 Del. Ch. LEXIS 37 (Del. Ch. 2021) ........................................................... 18, 19

*Dieckman v. Regency GP LP*,
    2021 Del. Ch. LEXIS 28 (Del. Ch. 2021) ................................................................ 25

*Donaldson v. Bottar*,
    715 N.Y.S.2d 168 (4th Dept. 2000) .......................................................................... 12

*Englert v. Schaffer*,
    877 N.Y.S.2d 780 (4th Dept. 2009) .......................................................................... 12

*Facebook, Inc. v. DLA Piper LLP (US)*,
    134 A.D.3d 610 (1st Dept. 2015)...........................................................................20

*Fierro v. Yellen (In re Fierro)*,
    616 B.R. 596 (E.D.N.Y. 2020) ...……………………………………………… 13

*Fitzgerald v. First E. Seventh St. Tenants Corp*,
    221 F.3d 362 (2d Cir. 2000)..............................................................................11

*Giraldo v. Kessler*,
    694 F.3d 161 (2d Cir. 2012)..............................................................................11

*In re Lindner v. Am. Express Corp*,
    2009 U.S. Dist. LEXIS 970 (S.D.N.Y 2009)...................................................13, 14

*In re Plumeri*,
    434 B.R. 315 (S.D.N.Y. 2010)............................................................................15

*Jewelers Vigilance Comm., Inc. v. Vitale Inc*,
    1997 U.S. Dist. LEXIS 14386 (S.D.N.Y. 1997).....................................................14

*Kaye Scholer LLP v. CNA Holdings, Inc*,
    2010 U.S. Dist. LEXIS 43194 (S.D.N.Y. 2010)……………………………..…………….. 12, 14

*Keiler v. Harlequin Enters. Ltd.*,
    751 F.3d 64 (2d Cir. 2014)...............................................................................10

*King v. Fox*,
    2004 U.S. Dist. LEXIS 462 (S.D.N.Y. 2004) ......................................................16

*Lipin v. Hunt*,
    2015 U.S. Dist. LEXIS 35700 (S.D.N.Y. 2015)...................................................15

*L-7 Designs,Inc. v. Old Navy, LLC*,
    647 F.3d 419, 430 (2d Cir. 2011)........................................................................11

*Manhattan Enter. Grp. LLC v. Higgins*,
    816 Fed. Appx. 512 (2nd Cir. 2020)...................................................................21

*Mecca v. Shang*,
    685 N.Y.S.2d 458, 459 (2nd Dept. 1999) ............................................................15

*Nason v. Fisher*,
    828 N.Y.S.2d 51(1st Dept. 2007) .......................................................................12

*O'Callaghan v. Sifre*,
    537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008).................................................................12, 13, 19

*Olshansky v. Sutton*,
    2001 U.S. Dist. LEXIS 945 (S.D.N.Y. 2001).....................................................................15, 16

*Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*,
    763 F.3d 198, 208 (2d Cir. 2014)...............................................................................................10

*Pieroni v. Phillips Lytle LLP*,
    140 A.D.3d 1707 (4th Dept. 2016) ............................................................................................20

*Ray v. Watnick*,
    182 F. Supp. 3d 23 (S.D.N.Y. 2016)....................................................................................12, 16

*Rogath v. Koegel*,
    1998 U.S. Dist. LEXIS 15624 (S.D.N.Y. 1998).........................................................................15

*Savitt v. Greenberg Traurig, LLP*,
    5 N.Y.S.3d 415 (1st Dept. 2015) ................................................................................................12

*Staehr v. Hartford Fin. Servs. Grp., Inc.*,
    547 F.3d 406 (2d Cir. 2008) ...............................................................................................11

*Stratte-McClure v. Morgan Stanley*,
    776 F.3d 94, 100 (2d Cir. 2015).................................................................................................11

*Subaru Distribs. Corp. v. Subaru of Am., Inc.*,
    425 F.3d 119, 122 (2d Cir. 2005)...............................................................................................11

*Ticketmaster Corp. v. Lidsky*,
    665 N.Y.S.2d 666 (N.Y. App. Div. 1st Dept. 1997) ................................................................16

*Williams v. Williams*,
    23 N.Y.2d 592, 596 (1969).........................................................................................................21

*Yalkowsky v. Century Apartments Assocs.*,
    626 N.Y.S.2d 181 (1st Dept. 1995) ...........................................................................................14

*Zappin v. Comfort*,
    2022 U.S. Dist. LEXIS 156614 (S.D.N.Y. 2022)................................................................13, 16

## PRELIMINARY STATEMENT

Defendants Michael P. Pasquale ("MPP") and the Law Offices of Michael P. Pasquale, LLC ("MPP Law")(MPP and MPP Law are referred to collectively as the "Pasquale Defendants"), *pro se*, submit this memorandum in support of their motion to dismiss the Amended Complaint of Plaintiff Bowles & Johnson, PLLC ("Plaintiff" or "BoJo"), *pro se*, in its entirety and with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6).  The Amended Complaint asserts two causes of action: one claiming violations of the New York Judiciary Law §487 ("§487"), and the second alleging abuse of process, neither of which claims survive a motion to dismiss under Rule 12(b)(6). Worse, BoJo's Amended Complaint is a frivolous, retaliatory filing, its factual contentions are baseless, its omissions calculated to deceive, and its legal theories asserted indisputably meritless.

As to the facts, the Amended Complaint's cherry-picking, omissions, naked assertions and legal conclusions couched as a factual allegation render it subject to dismissal.  BoJo's Amended Complaint does not contain sufficient factual matter which this Court may accept as true, nor can or does it state a claim to relief that is plausible on its face.  Given the Amended Complaint's allegations are based upon filings in other cases and are matters of public record, however, there exist sources, which this Court may consider on this motion, to fill in the gaps left by Plaintiff's deceptive pleading.  Through these means, this Court will find alternative explanations so obvious that they render any inferences in Plaintiff's favor unreasonable.  Consideration of the full record reveals that none of the defendants made any misrepresentations of fact to any tribunal, none of their actions were deceitful, abusive of process or in any way imprudent, but instead were necessary, made in good faith, based upon sound legal theories and indisputable facts.  The arguments made in the bankruptcy court complained of by BoJo were far from baseless, and the Bankruptcy Court, before ultimately reversing itself, granted a motion for reconsideration and temporary relief in Mr. Omanoff's favor, with none of the alleged misrepresentations set forth in

1

the Amended Complaint material to the Court's decisions.  Although immaterial to the Bankruptcy Court's decisions, that court did in fact hear BoJo's allegations of misrepresentation identical to those made in the Amended Complaint, and rejected their significance.

Unbelievably, this Court will be the ***third*** court to hear BoJo's complaints of arguments and alleged misrepresentation made by defendants in the Bankruptcy Court.  First, on March 15, 2022, in opposing the temporary injunction sought by Mr. Omanoff and thereafter entered by Bankruptcy Court, BoJo made identical allegations of misrepresentation.  In essence, the Bankruptcy Court was unimpressed with Bojo's claim of misrepresentation in arguments of counsel.  The Court noted instead that its alleged sole-owner, Bradley Reifler, had provided contradictory, sworn testimony on ownership of Forefront Partners numerous times (*e.g.*, he *testified* did not own it, he did own it, his mother owned it in part, other persons did, his other company wholly owned it, *etc*.), and the public interest in not permitting the bankruptcy code to be thwarted by a Chapter 7 debtor hiding and controlling bankruptcy assets was of paramount significance.  Furthermore, Reifler pled guilty in May 2022 to the felony and federal crime of wire fraud, in which he confessed to committing a vast artifice to defraud with BoJo's client Forefront Partners LLC (and passing off dozens of forgeries of Mr. Omanoff to do so), thereby impeaching his testimony on these issues.   BoJo cannot allege a misrepresentation of fact of ownership when his sole source of the alleged fact of ownership is an impeached, convicted felon.

Next, on July 18, 2022 (just three days after this action was filed), BoJo filed a motion for sanctions against Mr. Omanoff and MPP Law in New York state court, on different legal theories, but based upon the same alleged Bankruptcy Court filings and seeking the same alleged counsel fees as damages.   That motion was denied.

The present action, a third bite at the apple, can only be viewed as the worst type of litigation gamesmanship, no less than brazen retaliation by BoJo for entirely appropriate advocacy

on behalf of Mr. Omanoff.    Indeed, it is telling -- and fatal to this frivolous lawsuit-- that BoJo seeks sanctions from this Court, and also sought them from the state court, for alleged misrepresentations made to the Bankruptcy Court, but has not sought sanctions from the Bankruptcy Court itself for these alleged deceitful lies and filings made to and in the Bankruptcy Court.

Even considering the so-called facts asserted in the Amended Complaint to be true, which they are not, the law demands dismissal of the Amended Complaint in its entirety.  As held in the applicable precedent set forth herein, the pleading's §487 state law claim does not survive a motion to dismiss because Bojo has filed suit in the wrong court, under the wrong laws and against the wrong persons.  Additionally, even when assumed true, the facts alleged fail to satisfy the elements or constitute a valid factual predicate for the §487 violations and abuse of process claims asserted.

Furthermore, the complaint filed in the United States District Court, Southern District of New York against Reifler, which included BoJo as a defendant, was not an abuse of process, frivolous or deceitful, but only filed after the Bankruptcy Court admonished BoJo for controlling bankruptcy assets hidden from the Bankruptcy Court in order to sue Mr. Omanoff.   The Bankruptcy Court had found that, since the Chapter 7 debtor Reifler was the sole-owner of Forefront, and Forefront the sole-owner of the Talking Capital entities, these single member companies and their assets were subject to Reifler's Chapter 7 bankruptcy, and neither Reifler nor BoJo could use them to sue Mr. Omanoff. In short, these single member companies—BoJo's clients:  (i) were bankruptcy estate property, as were their assets; (ii) the concealment and control of Chapter 7 bankruptcy assets is a felony (bankruptcy fraud); (iii) and defendants had a proper basis to move to disqualify BoJo as counsel as only the Chapter 7 bankruptcy trustee could pursue claims on behalf of these companies.

It should be self-evident that the bankruptcy code would be easily skirted if a Chapter 7 debtor could shield and collect assets in a single member limited liability company while in

bankruptcy, as Reifler is doing.  When the Bankruptcy Court reversed itself on July 12, 2022, the claims filed against Bowles were dropped.  There can be no abuse of process claim based upon a lawsuit that was filed against BoJo on July 18th and dropped against him on July 26th, even if this Court were to assume the claim to be deceitful as alleged by BoJo in the Amended Complaint. The fact that the claims were withdrawn after the Bankruptcy Court reversed itself and ruled against Mr. Omanoff and permitted BoJo to proceed with its state court action, despite disagreement with the ruling, demonstrates an attempt to litigate this case in good faith and represents the opposite of deceitful conduct on the part of defendants.

This Court should reject outright BoJo's attempts to gaslight its way to payment of its alleged exorbitant fee, for it is BoJo, not the Pasquale Defendants, that is the party making duplicative, baseless arguments against its opposing counsel to multiple tribunals, and the person and entities from whom BoJo is taking instruction are the ones who have committed criminal and deceitful actions, including numerous misrepresentations to various courts regarding Forefront ownership's as alleged by BoJo in this bad faith action.  Far from stating a plausible claim for relief that could survive a Rule 12(b)(6) motion to dismiss, the Amended Complaint's factual allegations are clearly baseless, have been litigated already, and its claims are based on indisputably meritless legal theories.  It should be dismissed with prejudice in its entirety.

### STATEMENT OF FACTS[1]

After years of unlawfully transferring his assets to various family members, family trust and numerous shell entities in order to avoid his creditors and victims of his multi-million dollar Ponzi scheme, on January 20, 2017 Bradley C. Reifler filed for Chapter 7 bankruptcy in the Bankruptcy Court, Southern District of New York.  Exhibit A (a true copy of the January 9, 2019

---

[1] All exhibit references herein are to the exhibits of the September 20, 2022 Declaration of Michael P. Pasquale, submitted herewith in support of this motion to dismiss.

Complaint filed by the Chapter 7 Trustee against Reifler, various family members, family trust and numerous shell entities).

Reifler did not disclose his membership / ownership interest in Forefront Partners, LLC in either his *Schedules of Assets* or *Statement of Financial Affairs* filed in his bankruptcy case, nor in Amendments thereto, despite his sole ownership interest in Forefront Partners, LLC constituting property of his bankruptcy estate within the meaning of section 541(a) of the Bankruptcy Code. If he had disclosed the exclusive interest in the single-member limited liability company, only the Chapter 7 trustee could manage the entity or use it to bring actions for the benefit of the estate.

The month after he filed bankruptcy, on February 24, 2017, Reifler signed the Verified Complaint against Mr. Omanoff, his former fellow manager of Talking Capital, LLC, of which Forefront Partners LLC was a member, and cause it to be filed New York state court.  Exhibit B. The Verified Complaint was brought on a derivative basis by Forefront Partners on behalf of Talking Capital.  It alleged that Mr. Omanoff, the other managers and members of Talking Capital, and the primary funding source of the company, Direct Lending Inc., all departed Forefront and Reifler and started a new company without them in breach of equitable duties and contract.

Mr. Omanoff and the other defendants in the state court responded that they parted ways with Reifler, Forefront and Talking Capital because of Reifler's material breaches, fraud and potentially criminal acts committed with those companies.  Mr. Omanoff's counsel at the time, the law firm of McCarter & English, advised him not to sue Reifler individually because he was in Chapter 7 bankruptcy.

The Verified Complaint, to avoid the reach of his Chapter 7 bankruptcy, stated that Reifler was a "non-member" (*i.e.*, had no ownership interest in) of Forefront Partners.  *Id*.  In the Verified Complaint, Reifler swore under oath that Forefront was owned by his mother, Lisette Ackerberg, Kelcop LP and Christopher Engel.  *Id.*  On June 17, 2017, Reifler caused to be filed an Amended

Verified Complaint in state court, and again swore under oath that he was <u>not</u> a member of Forefront Partners.  Exhibit C.

Despite these sworn-to representations regarding no Forefront ownership in the beginning of 2017, just months earlier in late 2016 Reifler had filed a sworn-to declaration in other litigation (accusing him of fraud), pre-bankruptcy, that he was indeed a member of Forefront and owned it with Michael Flatley.  Exhibit D.

In March 2018, after he filed bankruptcy, Reifler claimed a third time under oath, post-bankruptcy, at a deposition in adversarial action that he had no ownership interest in Forefront Partners. Exhibit E.  Two months later in May of 2018, the Bankruptcy Court denied Reifler's discharge on the grounds that Reifler knowingly and fraudulently made a false oath and account in connection with the case. Exhibit A, ▐ 28; Adv. Proc. No. 17-09016, ECF Doc. 176.  Thereafter, Reifler acted as if he was no longer in bankruptcy, even filing lawsuits in his own name and testifying that he was "no longer in bankruptcy," and eventually asserted he was the sole-owner of Forefront Partners.

The above, multiple misrepresentations and contradictory testimony by Reifler regarding ownership of Forefront render it not a "fact" easily ascertainable as claimed by BoJo, let alone one that could be "known for years" by Mr. Omanoff, his counsel or any court or tribunal.  Nobody knows or has known definitively who the owner of Forefront is because Reifler has intentionally hidden that fact or changed it to suit his need and/or avoid liability.  Reifler's Chapter's 7 Trustee presented at the March 15, 2022 hearing in Bankruptcy Court that:

> There's also no dispute that Mr. Reifler has a byzantine labyrinth of LLC's in which he operates, and we've been trying to peel back the layers of that. I can't disagree with [Omanoff] counsel that brought this action that it's ever evolving and ever changing the nature of the ownership.
>
> ***
>
> I would point out to the Court that from the prior proceedings in the bankruptcy

under related adversary proceeding many of the relevant facts about this debtor, his direct and indirect ownership or management of these non-debtor entities are amorphous, irreconcilable, and ever changing. And even today when Mr. Bradley Reifler was speaking, it's not clear what date --

THE COURT: Testifying. He was under oath.

MS. O'TOOLE: Testifying, Your Honor. It's not clear the date that he purports to have ownership in any of the interest that he's testified, whether that was Forefront Capital Holdings, Forefront Partners or Talking Capital. Even though the debtor has always had and still has an ongoing obligation to cooperate with the trustee pursuant to Rule 4002, the debtor has continually failed to do so. The debtor conducted his financial affairs in a very complicated and intentional manner.

Exhibit F, pages 32, 35.

On the same day, March 15, 2022, BoJo made the same arguments to the Bankruptcy Court that it now makes again on in Plaintiffs' sanction motion:

Now, a flat misrepresentation that they just made to the Court is that they didn't know that Mr. Reifler owned Forefront Partners until 79 days before they filed their briefs. They said they did it as quickly as humanly possible. Mr. Reifler testified in 2018 in a room that I was in, in a room that Mr. Omanoff's representatives were in that he owned Forefront Partners.

*Id*. at p. 21.

Unbelievably, also on March 15, 2022, Reifler testified that Forefront Partners was actually owned by Forefront Capital Holdings, but then, after a short break and discussion with BoJo off the record, came back and testified that his testimony from minutes earlier was incorrect and that he was always the owner of Forefront Partners.   Exhibit F, pages 19-20, 30.

In response to BoJo's identical arguments and Reifler's testimony on March 15, 2022, the Bankruptcy Court declared the following:

THE COURT: You've heard my admonishment, Mr. Bowles, but I will probably repeat myself. I'm ready to rule. It's undisputed that the debtor owns Forefront, a Delaware Limited Liability Corporation. Whether it's the holding company or the other, it owns it. And Omanoff argues that Forefront is an interest of the debtor. Omanoff is concerned that any potential [sic] Talking Capital and Forefront receives in  the state lawsuit belongs to the debtor's bankruptcy estate and the creditors. As you've heard today, so does this Court and so does the chapter 7 trustee.

7

*** 

As we have seen, Mr. Reifler changes his testimony often. In Omanoff's request for a preliminary injunction, Omanoff also states that Reifler lied in the state court lawsuit about his membership interest in Forefront. Omanoff argues that Reifler initially omitted that he was the member or manager of Forefront Partners, then I February 2019, apparently, in the state lawsuit, he was a member and manager of Forefront Partners. So, it seems pretty consistent in that respect.

*** 

Mr. Omanoff's position that Forefront's interest became property of the estate is correct, and that is for the chapter 7 trustee to pursue.

*Id*., pages 37-39.

Also on March 15, 2022, the Bankruptcy Court, despite dissolving the preliminary injunction, stated as follows:

THE COURT:  Now, Mr. Bowles, just so you know something

MR. BOWLES:  Yes, Your Honor?

THE COURT:  I have been doing this for a long time. And one of the things that has happened before is that lawyers have been instrumental at times in handing out funds that might belong to a trustee. In doing so, they've had to personally come up with the money they've handed out. That's just a little aside. I expect that if you're representing these companies that are owned by other companies, that are owned by other companies, that are actually owned by Mr. Reifler, you need to be talking with the chapter 7 trustee.

*Id*., page 41.

On April 19, 2022, the Bankruptcy Court reconsidered it decision dissolving the temporary restraints on Plaintiffs and held specifically held that "any delay **o**n Mr. Omanoff's part [in filing his application and adversary proceeding in the Bankruptcy Court] is negated by Mr. Reifler concealing his true assets."  Exhibit G, p. 21.  Additionally, the Bankruptcy Court found that:

In this case, the public interest is served by 14 ensuring that Mr. Reifler does not benefit from concealing his assets. Mr. Reifler should have disclosed his ownership interest in Forefront when he filed for bankruptcy. That would have enabled the chapter 7 trustee to administer Forefront Partners under 11 USC 704. The trustee shall collect and reduce to money the property of the estate for which the trustee serves and close such estate as expeditiously as is compatible with the interest of

8

the parties in interest. There has been no formal abandonment of Mr. Reifler's ownership interest in Forefront, and therefore it remains property of the estate. And as I've stated before, this Court and no other court let's someone make a lawsuit that supposedly "benefits the estate" without the trustee being involved. Omanoff has met its burden and has shown that a preliminary injunction should be imposed to stay the state lawsuit.

*Id*., page 22, lines 14-25, p. 23, lines 1-4.

In light of these findings by the Bankruptcy Court, the adversary proceeding complaint was amended to add BoJo (for improperly controlling bankruptcy estate property), as was a motion to disqualify. Exhibits H and I, respectively. These applications were made in good faith, as logical next steps based upon the court's findings and applicable bankruptcy code provisions and precedent. They were not deceitful filings or an abuse of process, and relief was never granted a result of eiother.

On May 4, 2022, a Factual Basis for a Guilty Plea was filed in Reifler's criminal case, and on May 5, 2022, and guilty plea entered. Exhibit J. Reifler has pled guilty to using the very same entities at issue here, Forefront and Talking Capital, in his commission of felony fraud, an artifice to defraud, deceit and identity theft of Mr. Omanoff by using and transmitting his forged signatures to commit these unlawful acts. He now confessed to the very reason Talking Capital ceased to be an ongoing concern and why Mr. Omanoff and the others members, managers and lender DLI refused to conduct further business with Reifler or his companies. On July 8, 2022, the complaint was filed in the Southern District of New York against Reifler, his family members, trusts and shell entities for fraud, aiding and abetting fraud, and abuse of process, which included claims against BoJo (the "District Court Complaint"). Exhibit K. On July 12, 2022, the Bankruptcy Court reconsidered its decisions again and dismissed the Omanoff adversary action. On July 26, 2022, in light of the Bankruptcy Court's decision, BoJo was dropped as a defendant from the District Court Complaint.

Also in July, BoJo filed the complaint in this action *and* a motion for sanctions in state court against Omanoff and MPP Law.   Exhibit L.   The original Complaint, the Amended Complaint and the state court sanctions motion all allege the same purported misrepresentations made to the Bankruptcy Court and the filing the District Court Complaint as sanctionable, unlawful acts.   *Id*.   The sanction motion also sought the same relief as this lawsuit in the form of "reimbursement" of BoJo counsel fees.   The BoJo sanctions motion against Mr. Omanoff and MPP Law was denied by the state court on August 26, 2022.

## LEGAL ARGUMENT

## POINT ONE

## STANDARD OF REVIEW

In order to survive a motion to dismiss under Rule 12(b)(6), a complaint must allege sufficient facts which, taken as true, state a plausible claim for relief.   *Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014).   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Parkcentral Global Hub Ltd. v. Porsche Auto. Holdings SE*, 763 F.3d 198, 208 (2d Cir. 2014). Under this standard, a complaint must do more than offer "naked assertions devoid of further factual enhancement," and a court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Accordingly, a court may disregard "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Id*. at 1940.

In sum, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. at 1949.   If the factual allegations "are merely consistent with a defendant's liability, [the complaint] stops short of the line between possibility and plausibility of entitlement to relief." *Id*.   Plausibility depends on a host of considerations, including the full factual

picture presented by the complaint, the particular cause of action and its elements, and the existence of alternative explanations so obvious that they render plaintiff's inferences unreasonable. *See L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 430 (2d Cir. 2011).

In deciding a motion to dismiss, a court considers "any written instrument attached to the complaint as an exhibit or any statements or documents incorporated in it by reference." *Stratte—McClure v. Morgan Stanley*, 776 F.3d 94, 100 (2d Cir. 2015). The court also considers "documents upon which the complaint relies and which are integral to the complaint." *Subaru Distribs. Corp. v. Subaru of Am., Inc.*, 425 F.3d 119, 122 (2d Cir. 2005). A court may properly take judicial notice of "relevant matters of public record," including related legal proceedings in other courts. *Giraldo v. Kessler*, 694 F.3d 161, 164 (2d Cir. 2012); *see Staehr v. Hartford Fin. Servs. Grp., Inc.*, 547 F.3d 406, 425 (2d Cir. 2008)(stating that "Courts routinely take judicial notice of documents filed in other courts to establish the fact of such litigation and related filings."); *see also* Fed. R. Evid. 201(b).

A court has the authority to dismiss a frivolous complaint *sua sponte*, even when the plaintiff has paid the filing fee. *Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363-64 (2d Cir. 2000) (per curiam). A claim is frivolous when either: (1) the factual contentions are clearly baseless; or (2) the claim is based on an indisputably meritless legal theory. *See Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).

## POINT TWO

### PLAINTIFF'S FIRST CLAIM FOR RELIEF UNDER NEW YORK JUDICIARY LAW §487 SHOULD BE DISMISSED FOR FAILURE TO STATE A CLAIM

N.Y. Jud. Law § 487 provides that an attorney who is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party is guilty of a misdemeanor, and permits a civil action to be maintained by any party who is injured by an attorney's intentional deceit or collusion in New York courts. Specifically, the law provides:

An attorney or counselor who:

1.   Is guilty of any deceit or collusion, or consents to any deceit or collusion, with intent to deceive the court or any party;  or,

2.   Wilfully delays his client's suit with a view to his own gain;  or, wilfully receives any money or allowance for or on account of any money which he has not laid out, or becomes answerable for,

Is guilty of a misdemeanor, and in addition to the punishment prescribed therefor by the penal law, he forfeits to the party injured treble damages, to be recovered in a civil action.

Despite the open-ended wording of the law, the New York State courts interpreting the statute, and the federal courts construing the state court decisions have, for good reason, specifically confined the reach of the statute in multiple ways with precedent and common law impediments.   These restrictions include, *inter alia*, that no liability can attach under § 487 unless, in addition to "egregious" deceit by an attorney, there was also "a chronic and extreme pattern of legal delinquency."  *See*, *infra*, Point One, A-D; *see also Ray v. Watnick*, 182 F. Supp. 3d 23, 29 (S.D.N.Y. 2016), *aff'd*, 688 F. App'x 41 (2d Cir. 2017); *Savitt v. Greenberg Traurig, LLP*, 5 N.Y.S.3d 415, 416 (1st Dept. 2015); *Englert v. Schaffer*, 877 N.Y.S.2d 780, 781 (4th Dept. 2009); *Nason v. Fisher*, 828 N.Y.S.2d 51, 52 (1st Dept. 2007); *Donaldson v. Bottar*, 715 N.Y.S.2d 168, 169 (4th Dept. 2000); *Ulrich v. Hausfeld*, 704 N.Y.S.2d 495, 495 (2nd Dept. 2000); *Alliance Network, LLC v. Sidley Austin LLP*, 987 N.Y.S.2d 794, 803 (N.Y. Sup. Ct. 2014); *O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008).

The reasons for the numerous precedential limitations on § 487 liability have been described by the courts as "weighty."   Section 487 has its "origin in the criminal law of England," and for this statute, "the more appropriate context for analysis is not the law applicable to comparable civil torts but rather criminal law."  *Amalfitano v. Rosenberg*, 12 N.Y.3d 8 (N.Y. 2009).   Consequently, § 487 "must be strictly construed."  *Kaye Scholer LLP v. CNA Holdings, Inc.*, 2010 U.S. Dist. LEXIS 43194 (S.D.N.Y. 2010).   Strictly construing the statute affords attorneys wide latitude in the course of litigation to engage

in responsible and vigorous advocacy, and also discourages parties from misusing § 487 suits as tactics to gain leverage over their opponents which, of course, if permitted has highly detrimental effects on the fair and efficient progress of litigation. *See Alliance Network*, 987 N.Y.S.2d at 803.

Under this rigorous threshold, and for the additional reasons set forth below, an action such as this one, grounded essentially on claims that an attorney asserted unfounded allegations or opinions in other proceedings, would not be sufficient to make out a violation of § 487. *O'Callaghan*, 537 F. Supp. 2d at 596; *Zappin v. Comfort*, 2022 U.S. Dist. LEXIS 156614 (S.D.N.Y. 2022). The underlying court documents on which BoJo's allegations are based demonstrate it has wholly failed to make out a plausible claim that any "statements" alleged to have been made by the Pasquale Defendants or any Defendants were intentionally deceitful, nor can BoJo make out any plausible claim that he could repair these deficiencies through an expanded pleading.

### A. PLAINTIFF FILED SUIT IN THE WRONG COURT, UNDER THE WRONG LAW, AGAINST IMPROPER DEFENDANTS

Among the numerous common law restrictions on the filing of § 487 claims is the requirement that, where the deceit at issue is directed to a court, ***it must be a New York court*** in order for the deceit to be actionable. *See Schertenleib v. Traum*, 589 F.2d 1156 (2d Cir. 1978); *see also Fierro v. Yellen (In re Fierro)*, 616 B.R. 596 (E.D.N.Y. 2020) (holding a failure to state a claim against a creditor and its attorneys under § 487 as it extended only to misconduct in New York state courts ***where the remedy should have been sought***).

As set forth in *Fierro*, the "reach of Section 487 extends only to misconduct by attorneys in connection with proceedings ***before New York courts***." *Fierro*, 616 B.R. at 607 (emphasis in original), *quoting All. Network, LLC v. Sidley Austin LLP*, 987 N.Y.S.2d 794, 807 (N.Y. Sup. Ct. 2014), *citing Schertenleib v. Traum*, 589 F.2d 1156, 1166 (2d Cir. 1978). For example, the District Court for the Southern District of New York dismissed a § 487 claim because the alleged deceitful conduct occurred, as identically alleged in the Amended Complaint here, in an ongoing federal action, rather than in state court. *In re Lindner v. Am. Express Corp.*, 2009 U.S. Dist. LEXIS 970 (S.D.N.Y.

2009). The court explained that

> [t]his statute does not provide a basis for sanctioning a party or attorney for misconduct in an ongoing federal action. Rather, it allows for a state law claim for conduct that occurred in a prior state court action.

*Id*.; *see also Kaye Scholer LLP v. Cna Holdings, Inc.*, *supra* (dismissing a § 487 claim on the basis that the conduct did not occur before a New York state court). Here, the conduct alleged of Defendants, even assumed true for purposes of this motion, does constitute a claim for a § 487 violation because it did not occur before the New York state court, but instead allegedly occurred in ongoing federal actions.

Moreover, numerous courts have held that "a parties' remedy for a violation of § 487 stemming from an attorney's actions in a litigation "lies exclusively in that lawsuit itself . . .  not a second plenary action."" *See All. Network, LLC,* 987 N.Y.S.2d at 802, *quoting Yalkowsky v. Century Apartments Assocs*., 626 N.Y.S.2d 181 (1ˢᵗ Dept. 1995); *In re Swift*, 2016 Bankr. LEXIS 262 (Bankr. E.D.N.Y. 2016); *Chibcha Rest., Inc. v. David A. Kaminsky & Assoc., P.C.*, 958 N.Y.S.2d 135, 137 (N.Y. 2013).

In short, since BoJo's § 487 claim is rooted in allegedly deceitful conduct that occurred in the Bankruptcy Court and Southern District of New York actions, BoJo "should have sought [its] remed[y] in the case in which the wrongdoing allegedly was committed." *See All. Network, LLC*, 987 N.Y.S.2d at 802.   And even if the Plaintiffs' claim was rooted in actions before this Court, the § 487 claim could not be successfully asserted here, as § 487 extends only to misconduct by attorneys before New York state courts, which is not at all alleged in the Amended Complaint.  For these reasons alone, it is, therefore, safe for this Court to conclude Plaintiff cannot survive the Rule 12(b)(6) standard and plausibly state a claim for relief.   Consequently, the Motion to Dismiss BoJo's § 487 cause of action should be granted and the claim dismissed with prejudice as to all the attorney Defendants.

Additionally, as the Amended Complaint alleges deceitful attorney conduct which occurred **only in federal court**, Bojo has asserted the wrong law too, as an attorney's conduct in federal court is governed exclusively by Federal Rule of Civil Procedure 11 and 28 U.S.C. § 1927. *See Jewelers Vigilance Comm., Inc. v. Vitale Inc.*, 1997 U.S. Dist. LEXIS 14386 (S.D.N.Y. 1997).  Likewise, the

Bankruptcy Court is more than capable and well-equipped to deal with any shenanigans or false filings before it, for not only does 28 U.S.C. § 1927 apply there, but the Bankruptcy Court also holds sanctioning power under 11 U.S.C. § 105, and an inherent authority "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *In re Plumeri*, 434 B.R. 315, 327-28 (S.D.N.Y. 2010), *quoting Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991).   Its rules of procedure also equip the Bankruptcy Court to deal with the type of allegations set forth in the Amended Complaint.   See *Fed. R. Bankr. P. 9011* (providing that the court may "impose an appropriate sanction upon the attorneys, law firms, or parties" if a rule violation found).   BoJo did not move before the Bankruptcy Court under any of the laws because the court heard BoJo's complaints and was unimpressed, nor did it find them material to its disposition of the case.

     In addition to filing the Amended Complaint's claims in the wrong court under the wrong laws, BoJo has also named improper Defendants.  The numerous common law impediments to a § 487 claim include a standing requirement, and several courts have found that only a client may sue the attorney for deceit under § 487.  *See Lipin v. Hunt*, 2015 U.S. Dist. LEXIS 35700 (S.D.N.Y. 2015); *Rogath v. Koegel*, 1998 U.S. Dist. LEXIS 15624 (S.D.N.Y. 1998).   Pursuant to these Southern District of New York cases, if the victim of the deceit was not the attorney's client, then that victim has no claim under § 487.   In *Rogath*, a case directly analogous to the present action, the court dismissed the § 487 claim, "[h]aving determined that Defendant owed no duty to Plaintiff because Defendant represented Plaintiff's adversary."  *Id.*  Of note, this standing limitation exists despite the statute including within its ambit deceit by the attorney against "any party," not merely against the attorney's client.  *See id.*   In the absence of an attorney-client relationship, BoJo lacks standing to bring attorney misconduct claims pursuant to  § 487.  *See id*; *see also Mecca v. Shang,* 685 N.Y.S.2d 458, 459 (2nd Dept. 1999); *Olshansky v. Sutton*, 2001 U.S. Dist. LEXIS 945 (S.D.N.Y. 2001)(holding that in order to adequately allege a claim under § 487, plaintiff must assert that an attorney-client or fiduciary relationship existed between plaintiff and defendants

during a New York state court action).   Clearly there is no attorney-client or fiduciary relationship alleged between BoJo and the Pasquale Defendants, and the § 487 claim should be dismissed on this basis as well.

## B.   DEFENDANTS' ADVOCACY IS NOT ACTIONABLE "DECEIT" UNDER §487

Here, there are simply no deceitful statements or attempts to undermine the legal process thereby— let alone "extreme" or "egregious" deceitful statements.   To the contrary, counsel attempted only to put the legal process on the correct and proper course of action pursuant to clear law in order to protect the interests of their client, Mr. Omanoff, as well as the public interest of not permitting the Chapter 7 laws to be openly flouted.   As Judge Morris in the Bankruptcy Court noted on April 19, 2022, "any delay on Mr. Omanoff's part [in filing his application and adversary proceeding in the Bankruptcy Court] is negated by Mr. Reifler concealing his true assets," and the "public interest is served by ensuring that Mr. Reifler does not benefit from concealing his assets.…"   Exhibit G, ps. 21-23.

Importantly, courts addressing these types of claims continue to hold that in addition to deceit by an attorney, there must be "a chronic and extreme pattern" of "legal delinquency" before a § 487 claim is made out. *See Brady v. Goldman*, 2016 U.S. Dist. LEXIS 168653 (S.D.N.Y. 2016).   Counsel's single statement in briefs and other documents that Reifler "finally unequivocally" admitted he was the sole member and manager of BoJo's client Forefront Partners is more akin to an opinion or legal argument than "egregious" deceit, let alone a chronic and extreme pattern.   Such a statement of opinion, as a matter of law, can satisfy neither the strict scrutiny nor heightened standards under § 487. *See Ray v. Watnick*, 182 F. Supp. 3d 23 (S.D.N.Y. 2016); *Zappin v. Comfort*, 2022 U.S. Dist. LEXIS 156614 (S.D.N.Y. 2022); *King v. Fox*, 2004 U.S. Dist. LEXIS 462 (S.D.N.Y. 2004).   Furthermore, an "[a]ssertion of unfounded allegations in a pleading, even if made for improper purposes, does not provide a basis for liability" under § 487. *See Ticketmaster Corp. v. Lidsky*, 665 N.Y.S.2d 666 (N.Y. App. Div. 1st Dept. 1997).   In other words, even egregious misconduct will not rise to the level of a violation of § 487 if there is no pattern of intentional deceit or wrongdoing.

Even a superficial examination of the Amended Complaint, and the underlying court documents accompanying this motion on which BoJo's allegations are based, demonstrates that the pleading wholly fails to make out a plausible claim that the statements at issue were intentionally deceitful.   On this ground alone, the Amended Complaint's § 487 claim must be dismissed as to all attorney defendants.

Furthermore, in order for there to be a misrepresentation of a fact, logic dictates that there first must be an actual known or knowable fact.  Arguments over at what moment Reifler "unequivocally" confessed to Forefront Partners LLC ownership are limited to spirited and opinionated debate, as Reifler has contradicted himself, *under oath*, on this very issue of who actually owns Forefront Partners, and did so testify even ***after*** the allegedly unlawful arguments were made by defendant counsel in Bankruptcy Court.  *See, supra, see also, e.g.*, Exhibit F (Reifler testifying on March 15, 2022 and providing two different answers on the same day to the court—one disclaiming ownership and another claiming ownership—of Forefront Partners); *see also* Exhibits B through E.   As Reifler's Bankruptcy Trustee stated in court on March 15, 2022, she was unable to determine, after five years in bankruptcy, whether Reifler owns Forefront Partners or not, that Reifler's testimony on the issue is "amorphous, irreconcilable, and ever changing," and done so intentionally in order to hide his assets.  Exhibit F, ps. 32-35.

Additionally, Reifler is the sole source of Boho's so-called knowledge of when Mr. Reifler admitted he was the sole owner and manager of Forefront Partners.  In addition to the sworn-to, contradictory testimony, Reilfer is not a credible source of information and is also impeached on this topic because he pled guilty to felony fraud on May 5, 2022, for, *inter alia*, using Forefront Partners to conduct an "artifice of fraud" and sending dozens of phony documents deceptively forged with Mr. Omanoff's signatures.  Exhibit J.  In short, Bojo's alleged facts upon which he claims counsel made actionable misrepresentations are not facts at all.

Instituting actions in the Bankruptcy Court were not frivolous filings intended to deceive, but instead based on the fundamental and self-evident premise that a Chapter 7 bankruptcy debtor cannot thwart the code by shielding assets in his single member limited liability company, or a series of them that he controls and ultimately owns.   Especially where the person has been found guilty of misusing single member limited liability companies as unlawful alter egos to commit a felony and massive fraud which damaged thousands of innocent people, including Mr. Omanoff.  When the Bankruptcy Court found the single member entities to be property of the bankruptcy estate, and admonished BoJo in open court multiple timers for unauthorized representation of them to sue Mr. Omanoff, there were good faith and lawful reasons to move to disqualify BoJo and name him as a defendant in the adversary proceeding.

The Bankruptcy Court (i) heard BoJo's arguments regarding counsel's alleged misrepresentation, (ii) considered them, (iii) found them immaterial to its decision, (iv) took live testimony from Reifler himself on the issue of Forefront ownership, (v) thereafter entertained and granted a motion for reconsideration in Mr. Omanoff's favor to stay the state court action against Mr. Omanoff; and (vi) then thereafter in July reconsidered its findings once again and ruled in favor of BoJo.   The issues raised in this case and claimed to support a § 487 violation have been thoroughly heard in the bankruptcy court and should not be addressed yet again by this action.

### C.  THE AMENDED COMPLAINT FAILS TO SET FORTH ANY PLAUSIBLE ALLEGATION THAT DEFENDANTS INTENDED TO DECEIVE THE COURT

The Amended Complaint contains less than a half a dozen paragraphs alleging any conduct by the Pasquale Defendants.  It contains no proper or specific allegations that either MPP or MPP Law made *any* representations to the Bankruptcy Court or the Southern District of New York, let alone engaged in any actionable pattern of "extreme" or "egregious" conduct which would trigger a valid § 487 claim. First, the Amended Complaint asserts no allegations in support of liability against MPP, the individual, nor any legal reason to disregard the corporate veil of MPP Law.   Additionally, although listed as co-

counsl on documents, neither Pasquale Defendant is admitted in the Southern District of New York, and it cannot be disputed that MPP Law did not proceed with the next necessary step of filing a Notice of Appearance in the Bankruptcy Court, and as a result could not and did not file any documents in that proceeding or court.  Nor did the Pasquale Defendants argue one word in the Bankruptcy Court or Southern District of New York.  Given the extensive New York precedent supporting a stringent reading of § 487 and the compelling policy reasons for such a reading, this Court should dismiss BoJo's complaint as not stating an actionable § 487 claim against the Pasquale Defendants.  These defendants certainly did not intentionally engage in a "chronic, extreme pattern of legal delinquency" by their not arguing in court, not making an appearance and not filing documents. *See O'Callaghan v. Sifre*, 537 F. Supp. 2d 594, 596 (S.D.N.Y. 2008).  BoJo has alleged no facts that tend to indicate that the Pasquale Defendants intentionally worked to mislead the Bankruptcy Court.  BoJo can point to no facts beyond its own conclusory assertions that the Pasquale Defendants violated § 487 or that they intended to deceive any court.

Taking into consideration the full factual picture presented by the Amended Complaint, the particular cause of action and its elements, and the existence of alternative explanations in the record so obvious that they render any inferences afforded Bojo unreasonable, the Amended Complaint lacks plausibility as to the Pasquale Defendants and should be dismissed with prejudice.  BoJo's claims against the Pasquale Defendants under § 487 cannot survive a motion to dismiss because they consist of no more than threadbare recitals of the claim and mere conclusory statements.

Furthermore, unlike the other attorney defendants, BoJo already filed a motion against MPP Law for the **same alleged attorney fees incurred** and sanctions based upon **the same alleged conduct**.  In the state court motion, filed just weeks ago on July 18, 2022 by BoJo, it argued the same alleged misrepresentations in the Bankruptcy Court and Southern District of New York were grounds for sanctions, except BoJo argued on behalf Forefront Partners LLC and its Talking Capital entities and did

not assert violations of § 487.   *See* Exhibit L.  The sanctions motion against MPP Law was denied by

the state court.  BoJo's duplicative, repetitious and harassing filings against MPP Law are additional

grounds to halt this action against the Pasquale Defendants permanently and with prejudice.  *See also*,

*infra*, Point Four.


### D.  THE AMENDED COMPLAINT SHOULD BE DISMISSED FOR LACK OF PARTICULARITY AND INTENTIONAL OMISSION OF CRITICAL FACTS

Since the § 487 pleading is in the nature of a cause of action for fraud, courts will dismiss claims

for a lack of particularity, especially where scienter is pled in a conclusory manner as it is in the Amended

Complaint. *See Pieroni v. Phillips Lytle LLP*, 140 A.D.3d 1707 (4th Dept. 2016); *Facebook, Inc. v. DLA

Piper LLP (US)*, 134 A.D.3d 610 (1st Dept. 2015).  BoJo's lack of specificity and critical omissions in

its pleading are intellectually dishonest.   BoJo, even when not making an express misrepresentation,

conveys untruth through omission and cherry-picking of facts intended to lead the reader of the Amended

Complaint to conclusions opposite of the what the law, ethics and good conscience intend.   Omitted

from the complaint are numerous, documented, commissions of perjury by Reifler-- the person who

provides BoJo direction in the representation of Forefront Partners LLC and its Talking Capital entities

and signs verified pleadings on their behalf-- on the very same subject of which BoJo complains in the

Amended Complaint.  BoJo omits that he source of the so-called "fact" that was allegedly misrepresented

is not a credible source, and impeached beyond repair due to felony fraud conviction and numerous prior

contradictory testimony on Forefront ownership.  BoJo omits that it made the same arguments to the

Bankruptcy Court and the state court already.   The omissions and lack of specificity of the Amended

Complaint are so glaring there is nothing to presume to be true, only false conclusions of law.  Nor can

BoJo make out any plausible claim that it could repair these deficiencies through an expanded pleading.

The first claim of the Amended Complaint should be dismissed with prejudice.

**POINT THREE**

**PLAINTIFF'S SECOND CLAIM FOR RELIEF FOR**
**ABUSE OF PROCESS SHOULD BE DISMISSED**
**FOR FAILURE TO STATE A CLAIM**

Plaintiff fails to state a claim upon which relief may be granted for abuse of process by defendants for the filings in the Bankruptcy Court and the Southern District of New York.  Under New York law, abuse of process concerns the use of lawfully issued process to accomplish some unjustified purpose. *See Manhattan Enter. Grp. LLC v. Higgins*, 816 Fed. Appx. 512 (2nd Cir. 2020); *Bd. of Educ. of Farmingdale Union Free Sch. Dist. v. Farmingdale Classroom Teachers Ass'n, Inc., Local 1889*, 38 N.Y.2d 397, 400 (1975).  "The gist of the action for abuse of process," according to the New York Court of Appeals, "lies in the **improper *use* of process *after* it is issued**." *Williams v. Williams*, 23 N.Y.2d 592, 596 (1969) (emphasis supplied).

Here, this Court would be correct to dismiss the Amended Complaint insofar as it is predicated upon the mere filing of lawsuits.   As set forth herein, it is undisputed that, as to the lawsuit in the Southern District of New York that included claims against BoJo for, *inter alia*, abuse of process, the claims against BoJo were filed on July 8, 2022 and dropped, by Amended Complaint, on July 26, 2022. The claims were dropped because the Bankruptcy Court reversed its findings that the entities in question were bankruptcy estate property improperly controlled by Reifler and BoJo.  The law clearly dictates that the mere commencement of a lawsuit cannot serve as a basis for a cause of action alleging abuse of process, as the core of the action for abuse of process lies in the improper use of process *after* it is issued. *See Lynn v. McCormick*, 153 A.D.3d 688, 688 (2nd Dept. 2017); *Dean v. Kochendorfer*, 237 N.Y. 384, 390 (1924); *Gilman v. Marsh & McLennan Companies, Inc*., 868 F. Supp. 2d 118, 131 (S.D.N.Y. 2012); *Cook v. Sheldon*, 41 F.3d 73, 80 (2d Cir. 1994).  The fact that all the claims against BoJo were dropped after the Bankruptcy Court changed its mind also speaks to respect for the process and good faith litigation, not a malicious abuse of process.

The core of BoJo's grievance is that Defendants filed and prosecuted two lawsuits allegedly aimed at harassing BoJo and draining its resources.  These are conclusory allegations, however, and the record provides the clear and lawful reasons for that advocacy on behalf of Mr. Omanoff.   Under New York law, the mere "institution of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano v. Suozzi*, 63 N.Y.2d 113, 116 (1984).  The New York Court of Appeals has explained that, to qualify as legal process for purposes of an abuse of process claim, the court-issued writ must not only "direct or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act," but also "interfere with one's person or property." *Williams*, 23 N.Y.2d at 596. Because no such interference flows from the mere issuance of a civil summons, the commencement of a civil action cannot, by itself, support a plaintiff's claim for abuse of process, even when the civil action was "intended to cause the plaintiff expense and to burden [it] with the defense of a protracted legal proceeding." *Curiano*, 63 N.Y.2d at 116; *see also Williams*, 23 N.Y.2d at 596.   So even if BoJo's arguments that the motivation for the filings was to hurt BoJo, which the record shows clearly they were not, the Amended Complaint fails to state a claim for abuse of process under New York law.  *See Gidumal v. Cagney*, 144 A.D. 3d 550, 551 (1st Dept. 2016) (recognizing that "[if] process has a legitimate purpose, the allegation that it was misused does not suffice to state a claim for abuse of process").   The Amended Complaint's second claim should be dismissed with prejudice.


### POINT  FOUR

### THE ALLEGATIONS MADE AND RELIEF SOUGHT BY PLAINTIFF HAVE ALREADY BEEN RAISED AND LITIGATED

If the Amended Complaint is permitted to be prosecuted beyond this motion, this Court will be the ***third*** court to hear BoJo's arguments that its opposing counsel allegedly made misrepresentations to the Bankruptcy Court.  As noted, BoJo already filed a motion in state court

against MPP Law for reimbursement of the same fees it seeks in the Amended Complaint, based upon the same allegations of misrepresentations to the Bankruptcy Court and filing of the complaint in the Southern District of New York alleged in the Amended Complaint, which was already decided and denied by the state court.   Plaintiff already has raised and litigated (and has had more than a full and fair opportunity to raise and litigate) in other cases before different judges, the claims arising out of the same facts, as those he raises and attempts to once again litigate in this action— *i.e.*, the alleged misrepresentations in the bankruptcy court and the filing of a complaint in the SDNY.

Collateral estoppel bars claims or defenses that were or could have been raised in an earlier case in which the same parties were involved, if that case resulted in a judgment on the merits. Claim preclusion "prevents parties from raising issues that could have been raised and decided in a prior action—even if they were not actually litigated." *Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S. Ct. 1589, 1594, 206 L. Ed. 2d 893 (2020). To determine if a claim could have been raised in an earlier action, courts consider whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action, "or, in other words, whether facts essential to the second suit were present in the first suit." *See Zappin v. Comfort*, 2022 U.S. Dist. LEXIS 156614 (S.D.N.Y. 2022) (granting motion to dismiss abuse of process and § 487 claims).

Plaintiff's claims for abuse of process and violations of NY Judiciary Law § 487 are based on allegations already made before different courts, and should be dismissed accordingly.   While BoJo did not raise legal claims identical to those concerning defendants in the state court or bankruptcy proceedings, BoJo cannot provide any sufficient justification for not having raised the Amended Complaint's claims sooner in those venues, and thus his claims are barred by *res judicata. See Zappin v. Cooper*, 2020 U.S. Dist. LEXIS 147642 (S.D.N.Y. 2020) (finding Plaintiff's claims for abuse of process barred by *res judicata* where Plaintiff could have raised them in earlier proceedings).

**CONCLUSION**

For all the foregoing reasons, this Court should grant the Pasquale Defendants' motion to dismiss in its entirety.

LAW OFFICES OF MICHAEL P. PASQUALE, LLC
*Pro Se*

By: /s/  *Michael P. Pasquale*
      MICHAEL P. PASQUALE

Dated:  September 20, 2022