UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

BOWLES & JOHNSON, PLLC,

              *Plaintiff,*

    v.

SCOTT H. BERNSTEIN, ESQ., LAW OFFICES OF SCOTT H. BERNSTEIN LLC, MICHAEL P. PASQUALE, ESQ., THE LAW OFFICES OF MICHAEL P. PASQUALE LLC, SKOLNICK LEGAL GROUP, P.C., and RODNEY A. OMANOFF,

              *Defendants*.

Case No. 1:22-cv-06047-DLC

---

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT RODNEY A. OMANOFF'S MOTION TO DISMISS**

---

                                                                                                                          Thompson & Skrabanek, PLLC
                                                                                                                          42 W. 38th Street, Suite 1002
                                                                                                                          New York, New York 10018

                                                                                                         *Attorneys for Defendant Rodney A. Omanoff*

1

**TABLE OF CONTENTS**

**PRELIMINARY STATEMENT** ...................................................................................................5

**STATEMENT OF FACTS** ..........................................................................................................6

**LEGAL STANDARD** .................................................................................................................8

**ARGUMENT** ...............................................................................................................................8

    I.    **PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR ABUSE OF PROCESS AGAINST OMANOFF.** ..............................................................................8

        A.    The various relevant pleadings cannot serve as the basis for an abuse of process claim. ..................................................................................................................9

        B.    The alleged false statements in the Underlying Proceedings cannot serve as the basis for an abuse of process claim. ................................................................10

        C.    The alleged attempt to disqualify Plaintiff cannot serve as the basis for an abuse of process claim. ..........................................................................................10

        D.    Neither Plaintiff's nor Plaintiff's Clients' litigation expenses can serve as the basis for an abuse of process claim. ....................................................................12

    II.    **CLAIM PRECLUSION OR COLLATERAL ESTOPPEL APPLIES.** .......................13

# TABLE OF AUTHORITIES

**CASES**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ...................................................................................................................8

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) ...................................................................................................................8

*Breslin Realty Dev. Corp. v. Shaw*,
  72 A.D.3d 258 (2nd Dept. 2010) ..............................................................................................13

*Curiano v. Suozzi*,
  63 N.Y.2d 113, 469 N.E.2d 1324 (1984)) .............................................................................8, 9

*Geldzahler v. N.Y. Med. Coll.*,
  663 F. Supp. 2d 379 (S.D.N.Y. 2009) ........................................................................................8

*Hanspal v. J.P. Morgan Chase Bank, N.A.*,
  2019 U.S. Dist. LEXIS 165774 (E.D.N.Y. 2019) ....................................................................10

*Hanspal v. J.P. Morgan Chase Bank, N.A.*,
  2019 U.S. Dist. LEXIS 165774 (E.D.N.Y. 2019) ...............................................................13, 14

*HC2, Inc. v. Delaney*,
  510 F. Supp. 3d 86 (S.D.N.Y. 2020) ...................................................................................11, 12

*Joseph v. Citibank*,
  271 A.D.2d 358, 714 N.Y.S.2d 662 (2d Dept 2000) ................................................................10

*Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*,
  898 F.3d 232 (2d Cir. 2018) .....................................................................................................13

*Marrero v. U.S. Bank Nat'l Ass'n*,
  2022 U.S. Dist. LEXIS 159207 (S.D.N.Y. Sep. 2, 2022) ..........................................................8

*McCarthy v. Dun & Bradstreet Corp.*,
  482 F.3d 184 (2d Cir. 2007) ......................................................................................................8

*Perry v. McMahan*,
  164 A.D.3d 1486, 84 N.Y.S.3d 510 (2nd Dept 2018) ..............................................................12

*Rebore v. Pace*,
  115 A.D.2d 468, 495 N.Y.S.2d 704 (2d Dept. 1985) ...............................................................11

*Reilly v. Natwest Mkts. Grp., Inc.*,
  178 F. Supp. 2d 420 (S.D.N.Y. 2001) ................................................................................11, 14

*Salta v. Salta*,
   2008 NY Slip Op 30341(U) (Sup. Ct., NY County 2008) ........................................................12

*Stroock & Stroock & Lavan v. Beltramini*,
   157 A.D.2d 590 (1st Dept. 1990) ............................................................................................12

*Tenore v. Kantrowitz, Goldhamer & Graifman, P.C.*,
   76 A.D.3d 556, 907 N.Y.S.2d 255 (2d Dep't 2010) ..................................................................11

*Williams v. Williams*,
   23 N.Y.2d 592, 298 N.Y.S.2d 473 (1969)................................................................................12

*Zappin v. Cooper*,
   2020 U.S. Dist. LEXIS 147642 (S.D.N.Y. 2020).....................................................................13

## **STATUTES**

Federal Rule of Civil Procedure 12(b)(6)........................................................................................7

Defendant Rodney A. Omanoff ("Omanoff") respectfully submits this memorandum of law in support of his motion to dismiss the first claim alleged in Plaintiff Bowles & Johnson, PLLC's First Amended Complaint (ECF No. 8, the "FAC") pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). Omanoff's Co-Defendants—including Scott H. Bernstein, Esq., Law Offices of Scott H. Bernstein LLC, Michael P. Pasquale, Esq., The Law Offices of Michael P. Pasquale LLC—are hereinafter referred to as "Attorney Defendants", and collectively with Omanoff as "Defendants".

## PRELIMINARY STATEMENT

This is a spin-off case stemming from a dispute first initiated in New York State court. In this Action, Plaintiff is suing assorted attorneys and law firms along with their underlying client—Omanoff—in relation to a multi-case, multi-venue dispute between Omanoff, his former business associate Bradley Reifler, Reifler's bankruptcy estate, and numerous related corporate entities.

Plaintiff alleges only one cause of action against Omanoff, for abuse of process under New York common law. But Plaintiff fails to state a cause of action on this claim for numerous reasons. The jumbled allegations are inadequately pleaded, but in any event, none of the alleged grievances can form the basis for an abuse of process claim under New York law. This includes: (a) the filing of various pleadings alleged to be malicious or frivolous, (b) alleged false statements in these related proceedings, (c) the alleged attempt to disqualify Plaintiff from serving as counsel in those proceedings, or (d) the costs incurred in responding to or litigating any of the foregoing.

Further, Plaintiff's abuse of process claim is barred, in whole or in part, by claim preclusion and/or collateral estoppel.

**STATEMENT OF FACTS**

Plaintiff is a law firm alleging various false statements and bad faith conduct by a counterparty (Omanoff) and his counsel (Attorney Defendants) in relation to a string of interrelated cases wherein Plaintiff represented corporations and other entities controlled by Bradley C. Reifler, a former investment manager. The details of these associated matters will be summarized very briefly here.

First, there is a derivative action which Reifler caused to be filed in the New York Supreme Court for the County of New York in February 2017 (referred to in the Complaint and herein as the "State Case") alleging breaches of various contractual and fiduciary duties against Omanoff and related entities. Reifler made these claims derivatively on behalf of various other corporate entities he co-owned with Omanoff. *See Talking Capital LLC et al. v. Omanoff et al.*, Index No. 650973/2017; FAC ¶¶ 26-31. Reifler filed for bankruptcy during the pendency of this action and the bankruptcy estate took his position; the matter was recaptioned as *Talking Capital Windup LLC et al. v. Omanoff et al*.

Second, there is an adversary proceeding filed in the Bankruptcy Court of this district in February 2022 (referred to in the Complaint and herein as the "Adversary Proceeding") wherein Omanoff alleged that the Bankruptcy Court should resolve certain controversies raised in the State Case. *See Omanoff v. Reifler et al*., Adversary Proceeding No. 22-09002; FAC ¶¶ 1, 32-51. In April 2022, Omanoff filed an amended complaint in the Adversary Proceeding naming Plaintiff as a defendant, alleging that it "is exercising control over property of the [Reifler's] bankruptcy estate when using the [Reifler's] membership interests in Forefront to appoint managers for the LLC Defendants and direct the prosecution of the [State Case]." Adversary Proceeding, ECF No. 44, ¶ 24.

Third, there is an action filed in this district on July 8, 2022 (referred to in the Complaint and herein as the "RICO Case") wherein Omanoff alleged fraud, breach of contract, RICO violations and related claims against Reifler, various associated entities, and Plaintiff. *See Rodney Omanoff v. Bradley Carl Reifler, et al.*, Civil Action No. 1:22-cv-05827; FAC ¶¶ 52-61. The RICO Case was discontinued as against Plaintiff on July 28, 2022, before Plaintiff had filed anything. FAC ¶ 61 ("Plaintiff and its principals were dropped as defendants"); RICO Case, ECF No. 8.

Notably, Reifler was indicted and charged with four counts of wire fraud and one count of perjury in the U.S. District Court for the Middle District of North Carolina, and subsequently pled guilty to one charge of wire fraud in May 2022. *U.S. v. Reifler,* 1:20-cr-00512-CCE (ECF Nos. 95-96). Reifler also faces an action by the Securities and Exchange Commission (SEC) in the District of Nevada alleging a multi-million-dollar scheme of fraud and self-dealing. *SEC v. Reifler et al.*, 2:20-cv-00511-CDS-DJA.

Plaintiff represented Reifler or his bankruptcy estate (directly or derivatively) in at least portions of the State Case, the Adversary Proceeding, and the RICO Case (which are hereinafter collectively referred to as the "Underlying Proceedings").

In this case, Plaintiff alleges false statements made in the Adversary Proceeding about whether Reifler was a manager of one of the embattled corporate entities (FAC ¶¶ 35-40, 64-72) as well as various other topics (FAC ¶ 41).

Plaintiff further alleges that it was named as a defendant in the Adversary Proceeding and RICO Case in an attempt to disqualify it from representing its clients (FAC ¶¶ 78, 83-86). Plaintiff was not ultimately disqualified in any of the Underlying Proceedings. Declaration of Rodney Omanoff ("Omanoff Decl."), ¶ 11.

Plaintiff also alleges that the claims against it were "frivolous." FAC ¶¶ 33, 45, 48, 56, 81.

Omanoff vehemently denies these allegations and accuses Plaintiff of a litany of misconduct in the Underlying Proceedings. Omanoff Decl. ¶¶ 5-10.

## LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead in its complaint "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When faced with a Rule 12(b)(6) motion, a court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party," *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007), but the plaintiff's factual allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 12(b)(6) "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 385 (S.D.N.Y. 2009) (emphasis omitted).

## ARGUMENT

**I. PLAINTIFF FAILS TO STATE A CAUSE OF ACTION FOR ABUSE OF PROCESS AGAINST OMANOFF.**

Even assuming the truth of the allegations set forth in the FAC, it fails to state a cause of action for abuse of process and should be dismissed as a matter of law. Under New York law, "[a]buse of process has three essential elements: (1) regularly issued process, either civil or criminal, (2) an intent to do harm without excuse or justification, and (3) use of the process in a perverted manner to obtain a collateral objective." *Marrero v. U.S. Bank Nat'l Ass'n*, 2022 U.S. Dist. LEXIS 159207, at *22 (S.D.N.Y. Sep. 2, 2022) (quoting *Curiano v. Suozzi*, 63 N.Y.2d 113, 116, 469 N.E.2d 1324 (1984)).

As it pertains to Omanoff, the FAC alleges a number of specific actions which supposedly constitute abuse of process. As a preliminary matter, the Court should find that the abuse of process claim is inadequately plead, given that the FAC does not sufficiently articulate how the scattershot allegations correspond to the specific elements of abuse of process. Nonetheless, it is clear from the FAC that none of the alleged grievances form an adequate basis for an abuse of process claim under New York law. These specific grievances are addressed in turn in sections A-D below.

### A. The various relevant pleadings cannot serve as the basis for an abuse of process claim.

The commencement "of a civil action by summons and complaint is not legally considered process capable of being abused." *Curiano*, 63 N.Y.2d at 117 ("They do not contend that the summons issued by defendants was improperly used after it was issued but only that defendants acted maliciously in bringing the action. A malicious motive alone, however, does not give rise to a cause of action for abuse of process."). Instead, a plaintiff must allege "the improper use of process after it is issued." *Id.*

Aspects of the FAC clearly suggest that Plaintiff seeks liability against Defendant Omanoff based strictly on the filing of allegedly "frivolous" pleadings in the Underlying Proceedings. FAC ¶ 31 ("The Adversary Proceeding was obviously frivolous and a procedural maneuver"); ¶ 79 ("Defendants caused process to be issued against Plaintiff in the form of a summons and the Amended Complaint in the Adversary Proceeding on or about April 12, 2022."); ¶ 91 (Defendants further abused process by filing and serving the complaint in the RICO Case against Plaintiff and its principal, Bowles"); ¶ 85 ("The intent of adding Plaintiff and its principals to the Amended Complaint was to intimidate Plaintiff and its principals into resigning from their representation of their clients in the Adversary Proceeding and the State Case.").

To the extent Plaintiff's claim for abuse of process is premised on the filing of "frivolous" pleadings in the Underlying Proceedings which were allegedly intended to "intimidate" Plaintiff, the FAC fails to state a cause of action and should be dismissed.

### B. The alleged false statements in the Underlying Proceedings cannot serve as the basis for an abuse of process claim.

Other aspects of Plaintiff suggest an attempt to recover liability due to alleged false statements made in the Underlying Proceedings. FAC ¶¶ 35-41, 64-72.  But these also compel dismissal because courts applying New York law consistently hold that "allegations of perjury committed in [] prior judicial proceedings do not form the basis of a separate, subsequent civil action for damages." *Hanspal v. J.P. Morgan Chase Bank, N.A.*, 2019 U.S. Dist. LEXIS 165774, at *6 (E.D.N.Y. 2019) (quoting *Joseph v. Citibank*, 271 A.D.2d 358, 714 N.Y.S.2d 662, 662 (2d Dept. 2000).

### C. The alleged attempt to disqualify Plaintiff cannot serve as the basis for an abuse of process claim.

Separately, the FAC suggests that Defendants used the various pleadings (the Amended Complaint, the RICO Complaint, and the Adversary Proceeding) as a means of securing the disqualification of Plaintiff.  FAC ¶ 100 ("Defendants used legal process . . . in a perverted manner to obtain the collateral objective of forcing Plaintiff and its principals to abandon their clients and leave their clients without representation in both the Adversary Proceeding and the State Case.").

This fails to state a cause of action for a host of reasons. First, Plaintiff never actually had to withdraw from any of the relevant Underlying Proceedings.[1] *See* dockets of various Underlying Proceedings; Omanoff Decl. ¶ 11.  Accordingly, Plaintiff lacks an active case or controversy and

---

[1] Defendant Omanoff expects that these issues will be addressed in greater detail in corresponding motions to dismiss soon to be filed by the Attorney Defendants, who have more firsthand experience of the Underlying Proceedings.  To the extent permissible, those arguments are incorporated herein by reference.

has failed to adequately allege damages. *See, e.g., Reilly v. Natwest Mkts. Grp., Inc.*, 178 F. Supp. 2d 420, 430 (S.D.N.Y. 2001) (abuse of process claim dismissed in part because it failed to "set forth any measure of damages").

Second, even if Plaintiff had been forced to withdraw, courts interpreting New York law on abuse of process claims have consistently emphasized that a party "cannot state a claim by alleging that a lawsuit was filed against it to gain tactical advantage in that or another litigation." *HC2, Inc. v. Delaney*, 510 F. Supp. 3d 86, 107-08 (S.D.N.Y. 2020) ("Skillful lawyers not infrequently take advantage of whatever forums are available to them to prevail either in the prosecution of a lawsuit or in the defense of another lawsuit. Such conduct is part of the litigation process; it is not tortious."); *see also Tenore v. Kantrowitz, Goldhamer & Graifman, P.C.*, 76 A.D.3d 556, 907 N.Y.S.2d 255, 257 (2d Dept. 2010) (allegation that defendant undertook litigation with an objective of "obtaining a tactical advantage in a pending divorce action" insufficient to state a claim for relief) (cited in *HC2*).

Third, at least one case has more specifically found that the alleged manufacture of a conflict of interest in order to compel an attorney's withdrawal cannot form the basis for such a claim. In *Rebore v. Pace*, the New York Court of Appeals for the Second Appellate Division affirmed dismissal of a similar claim brought by an attorney in relation to a prior proceeding. 115 A.D.2d 468, 468-69, 495 N.Y.S.2d 704, 705 (2d Dept. 1985) ("The disqualification of Mr. Rebore . . . is essentially the detriment complained of"). The appellate court reasoned that an attorney's disqualification will not be compelled by the mere filing of a complaint, but rather by underlying facts, such as being "a material witness to the underlying events" and as a result "service of the summons and complaint was entirely unnecessary to the attainment of the harm complained of." *Id.*

The same reasoning applies here—if Plaintiff had ultimately been forced to withdraw, it could not possibly have been a direct result of any legal process but due to the underlying facts which may have required him to serve as a witness.

Lastly, an abuse of process claim requires "unlawful interference with one's person or property under color of process." *Williams v. Williams*, 23 N.Y.2d 592, 596, 298 N.Y.S.2d 473, 476-77 (NY 1969) (Process is defined as a "direction or demand that the person to whom it is directed shall perform or refrain from the doing of some prescribed act."). To the extent Plaintiff implies that its service as counsel to Reifler constitutes "person or property" under the law, Plaintiff is challenged to cite legal precedent for that supposition.

### D. Neither Plaintiff's nor Plantiff's Clients' litigation expenses can serve as the basis for an abuse of process claim.

The FAC also suggests that Plaintiff is actually seeking to recoup the expense incurred in *preventing* its disqualification and/or other expenses purportedly incurred in litigating the Underlying Matters. FAC ¶ 95 ("Plaintiff has incurred damages in the form of the lost profits from the attorney work hours lost in defending against the Adversary Proceeding . . . and in preparing to defend against the RICO Case, valued in excess of $200,000.00.").

But this is impermissible under a weight of New York cases. *See HC2*, 510 F. Supp. 3d at 107 ("the expense arising from the defense of a lawsuit … is an insufficient injury to sustain the cause of action [abuse of process].") (internal quotations marks omitted) (quoting *Stroock & Stroock & Lavan v. Beltramini*, 157 A.D.2d 590, 591 (1st Dept. 1990) (same finding)); *see also Perry v. McMahan*, 164 A.D.3d 1486, 84 N.Y.S.3d 510 (2d Dept. 2018) (same); *Salta v. Salta*, 2008 NY Slip Op 30341(U), ¶¶ 5-6 (Sup. Ct., New York Co. 2008) ("Abuse of process requires 'the deliberate premeditated infliction of economic injury without economic or social excuse or justification' and therefore, *the expense arising from the defense of a lawsuit is an*

*insufficient injury to sustain the cause of action*.") (emphasis added).

Moreover, Plaintiff's attempt to recover legal fees suggests that it is attempting to recoup fees paid to it on behalf of its client. Obviously, Plaintiff lacks standing to do this.

## II. CLAIM PRECLUSION OR COLLATERAL ESTOPPEL APPLIES.

Even if Plaintiff managed to state a cause of action for abuse of process, adjudication would be barred by claim preclusion or issue preclusion. Claim preclusion "bars a plaintiff from relitigating claims against a defendant that it lost in a previous action against the same defendant and claims that the plaintiff could have brought in that earlier action but did not." *Marcel Fashions Grp. Inc. v. Lucky Brand Dungarees, Inc.*, 898 F.3d 232, 236-37 (2d Cir. 2018). The related doctrine of collateral estoppel, is "a narrower species of res judicata" which "precludes a party from relitigating in a subsequent action or proceeding an issue clearly raised in the prior action or proceeding, and decided against that party or those in privity, whether or not the tribunals or causes of action are the same." *Hanspal v. J.P. Morgan Chase Bank*, N.A., No. 18-CV-0295 (FB) (RML), 2019 U.S. Dist. LEXIS 165774, at *4 (E.D.N.Y. 2019) (quoting *Breslin Realty Dev. Corp. v. Shaw*, 72 A.D.3d 258, 263 (2d Dept. 2010)).

To the extent the Plaintiff's abuse of process claim is premised on the Adversary Proceeding, that action has been disposed. *See Zappin v. Cooper*, 2020 U.S. Dist. LEXIS 147642, at *9 (S.D.N.Y. 2020) (finding that claim preclusion barred follow-on suit for abuse of process).

To the extent that Plaintiff's abuse of process claim is premised on the motions to disqualify or allegedly frivolous conduct in the Underlying Proceedings, any remedy for these transgressions could have been requested or has already been requested before the courts considering those matters. For example, Plaintiff moved for sanctions in the State Case in relation to some of the

13

alleged misconduct discussion in the FAC, and the motion was denied.[2] *See, e.g., Reilly*, 178 F. Supp. 2d at 430 n. 9 (abuse of process claim dismissed in part because it failed to "set forth any measure of damages" where "any potential damages flowing from defendants' discovery misconduct" was addressed and adjudicated in sanctions and preclusion motions in underlying litigation); *see also Hanspal*, 2019 U.S. Dist. LEXIS 165774, at *4 (abuse of process claim barred by collateral estoppel rooted in judicial determinations in prior proceedings).

## CONCLUSION

For the foregoing reasons, Plaintiff's FAC should be dismissed as against Defendant Rodney A. Omanoff.

Dated: New York, New York
September 20, 2022

Respectfully Submitted,

THOMPSON & SKRABANEK, PLLC

_____
John J. Thompson, Esq.
42 W. 38th Street, Suite 1002,
New York, NY 10018
jt@ts-firm.com
(646) 568-4280 ext. 701

*Attorneys for Defendant Rodney A. Omanoff*

---

[2] Again, Defendant Omanoff expects that these issues will be addressed in greater detail in corresponding motions to dismiss soon to be filed by the Attorney Defendants, and those arguments and attestations are incorporated herein by reference.